IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:25-cv-15278 |
| | ) | |
| DOES 1-10, | ) | Hon. Andrea R. Wood |
| | ) | |
| Defendants. | ) | |

MOTION FOR RULE TO SHOW CAUSE

COME NOW Defendants John Doe 1 and John Doe 10, by and through counsel, and move for a rule to show cause and finding of contempt against Plaintiff, showing the Court as follows:

## I. INTRODUCTION

The Court should issue a rule to show cause and find Plaintiff in contempt for 1) his numerous factual misrepresentations to the Court regarding his ownership of the copyrights to three of the short films at issue in this matter; 2) his failure to provide the Court and the parties with his true name; and 3) his failure to include a valid address and contact information on his filings.

Plaintiff does not own the copyrights to three of the works listed on Exhibit A to his Complaint. Exhibit A includes the tv series short entitled "Split: A Film Anthology," the short film entitled "Do Us Part," and the music short entitled "Orlando Gloom – Always the Same" (the Dirtbag works). Those copyrights are owned by Matthew Schneider and Solmund MacPherson. MacPherson and Schneider created those shorts when they were in high school under the name Dirtbag Films.

Plaintiff is not the real Matthew Schneider who was a filmmaker involved in the making of those works. The real Matthew Schneider has executed a declaration confirming that he is not the person who filed and is prosecuting this case. (Ex. D)

II. RELEVANT HISTORY

Counsel for Defendants appeared at a telephonic status hearing held by the Court on August 20, 2026. During that hearing, Attorney Erin Russell, counsel for Defendant John Doe 1, informed the Court that evidence has been developed showing that the individual who filed this case, has made numerous filings in this case, and has been appearing for telephonic hearings in this case is not the real Matthew Schneider, the filmmaker who owns rights in the copyrights to three of the short films at issue in this case.

Russell informed the Court that she had worked with counsel for Defendant John Doe 10, Attorney Haley Finch, to locate the real Matthew Schneider. Both Russell and Finch have spoken with the real Matthew Schneider, and he has executed a declaration confirming that he is the filmmaker who was involved in creating the Dirtbag works, he is not involved in this case and he has not participated in this case. Russell also informed the Court that she had contacted an individual named Solmund MacPherson. MacPherson and Schneider were the filmmakers involved in creating the Dirtbag works. Russell informed the Court that MacPherson has confirmed that they own rights in each of the three works listed above, and they have never sold, assigned, or transferred those rights to any other person.

Plaintiff, the individual identifying himself as Matthew Schneider, also appeared at the August 20, 2026 telephonic status conference. Plaintiff insisted that he is Matthew Schneider and that he owns the copyrights to the works included in his Complaint.

III. ARGUMENT

A. Plaintiff does not own the copyrights to the Dirtbag works.

Plaintiff should be held in civil contempt for falsely claiming to the Court, both in filings and during each telephonic status hearing that has been held in this matter, particularly the August 20, 2026 status hearing, that he owns the copyrights to the Dirtbag works.

Plaintiff should be held in civil contempt for misrepresenting that he owns the Dirtbag works and has the right to register them with the United States Copyright Office, as he alleged in his Complaint. (Dkt. #8, ¶15-19).

Matthew Schneider and Solmund MacPherson own the rights to the Dirtbag works. MacPherson has executed a detailed declaration detailing his role in the making of each of the Dirtbag works. MacPherson also confirms Matthew Schneider's involvement in the filmmaking process as well as the credits each of them received on the films. (Ex. A - Declaration of Solmund MacPherson).

Exhibit A to Plaintiff's Complaint includes the tv series short entitled "Split: A Film Anthology," the short film entitled "Do Us Part," and the music short entitled "Orlando Gloom – Always the Same" (the Dirtbag works). MacPherson confirms that they created those works. (MacPherson Declaration, ¶5-8) The credits for those works appear on the IMDb pages for both Schneider and MacPherson. (MacPherson Declaration, ¶6-12). MacPherson also confirms that they never sold, transferred or assigned their rights in the Dirtbag works to anyone. (MacPherson Declaration, ¶19).

B. Plaintiff is not Matthew Schneider, the Dirtbag Films filmmaker.

Plaintiff should be held in contempt for misrepresenting his identity to the Court. He has falsely represented in his Complaint and verbally to the Court during telephonic proceedings in

this matter that he is Matthew Schneider, the filmmaker who created the Dirtbag works.

Defendants have undertaken a significant amount of research to determine the true identity of the Plaintiff Matthew Schneider. Solmund MacPherson has executed a declaration confirming that they attended high school with Matthew Schneider and created Dirtbag Films with Schneider. (MacPherson Declaration, ¶4, 5). MacPherson also reviewed Exhibits C and F to the Declaration of Erin K. Russell, attached hereto as Exhibit B. MacPherson confirms that the individual who appears in the photos on these exhibits is the real Matthew Schneider. (MacPherson Declaration, ¶13-15). MacPherson also confirms that they have never known the real Matthew Schneider to have used the email address matthew.schneider94@gmail.com, the email address listed on the docket and on the filings made by Plaintiff in this matter. (MacPherson Declaration, ¶17).

MacPherson has also provided proof of the identity of the Dirtbag Films filmmaker Matthew Schneider in the form of a copy of the short film "Do Us Part." MacPherson provided a copy of the short film to Attorney Russell on August 19, 2026. (MacPherson Declaration, ¶17). The real Matthew Schneider appears in the film in a speaking role. His appearance and the sound of his voice can be clearly ascertained, and MacPherson confirms that is the real Schneider. (MacPherson Declaration, ¶18). A copy of the short film "Do Us Part" is attached as Exhibit C[1].

C. Plaintiff does not reside at the Sanborn, New York address used in his pleadings.

Plaintiff should be held in contempt for failing to provide the Court and the parties to this action his real address. In his Complaint he claimed to be "based in the UK." (Dkt. #8, ¶8). However, the signature block on all of his filings identifies an address in Sanborn, New York. During the August 20, 2026 status hearing, the Court noted that Plaintiff has been using an address

[1] A video file of the Dirtbag short film "Do Us Part" will be lodged with the Court via the Electronic Submissions Portal on the Court's website. Defense counsel can deliver a courtesy copy of the video on physical medium to the Court if the Court directs Defendants to do so.

in New York and asked him if that is where he is located. He responded in the affirmative. The Sanborn, New York address used by Plaintiff is a shipping company in an industrial park, not a residence. It cannot be Plaintiff's true address.

Civil contempt's aim is both coercive and compensatory. *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.,* 525 F.3d 533, 542 (7th Cir. 2008). To prevail on a request for a contempt finding, a party should (1) show a court order providing a clear and unambiguous command; (2) violation of that command; (3) show the violation was significant; (4) and a failure to make reasonable and diligent efforts to comply. *Id.*

Plaintiff had an obligation to accurately and honestly identify himself in his filings with and representations to the Court.

With the elements necessary to find contempt met, the question of a proper sanction remains. Here, the proper sanctions would be a dismissal, with prejudice, of Plaintiff's claims and awarding each Defendant its attorney's fees, costs, and expenses associated with this litigation, as well as an Order directing Plaintiff to withdraw any registration applications he submitted to the United States Copyright Office for the Dirtbag works. Plaintiff should also be permanently enjoined from distributing any of the responses he received to his subpoenas in this matter as well as any of the information contained therein.

## III. CONCLUSION

Plaintiff has deceived the Court and the Defendants since the outset of filing this case, especially as of the August 20, 2026 status hearing, and continues to do so. His violations are significant. Plaintiff does not own the copyrights to the Dirtbag works. Plaintiff is not Matthew Schneider, the filmmaker who participated in the creation of the Dirtbag works. Plaintiff is not Matthew Schneider the actor who appeared in a speaking role in "Do Us Part." Plaintiff does not

live at a shipping company in Sanborn, New York. Plaintiff has failed to provide his true name and address to the Court and to the parties. Plaintiff should be ordered to show cause why they should not be held in contempt. And, when they cannot, the proper sanction would be dismissal with prejudice, an award of attorneys' fees to Defendants, and an Order directing Plaintiff to withdraw any copyright registration applications made to the United States Copyright Office for the Dirtbag works, if indeed Plaintiff filed those applications as claimed in the Complaint.

WHEREFORE, Defendants 1 and 10 respectfully request that this Court order Plaintiff to show cause why they should not be held in contempt, find them in contempt if they cannot do so, and issue the sanctions of dismissal with prejudice, attorney's fees and costs, direct the Plaintiff to withdraw any applications they may have made to register the Dirtbag works with the United States Copyright Office, and enter a permanent injunction prohibiting Plaintiff from distributing or disseminating any of the responses he received to the subpoenas he issued in this matter and any information contained therein, and any other relief it deems appropriate.

Dated: August 21, 2026.

By: */s/ Erin K. Russell*
Erin K. Russell
The Russell Firm, LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
T: 312-994-2424
erin@russellfirmip.com
Counsel for Defendant John Doe 1

*/s/ Haley Finch*
Haley Finch
Stinson LLP
120 N. 3rd Street, Suite 225
Bismarck, North Dakota 58501
haley.finch@stinson.com
Counsel for Defendant John Doe 10

CERTIFICATE OF SERVICE

This is to certify that on August 21, 2026, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell