**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER,<br><br>Plaintiff,<br><br>DOES 1-10<br>d/b/a passthepopcorn.me,<br>broadcasthe.net, karagarga.in,<br>hdbits.org, beyond-hd.me,<br>bibliotik.me,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:25-cv-15278<br><br>Hon. Andrea R. Wood |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS DOE 1 AND DOE 10'S MOTION FOR RULE TO SHOW CAUSE**

Plaintiff Matthew Schneider respectfully submits this response in opposition to Defendants Doe 1 and Doe 10's Motion for Rule to Show Cause at Docket Entry 53.

## I. INTRODUCTION

At the previous status hearing, Russell and Finch revealed that, prior to the status hearing and before filing Docket Entry 53, they had engaged in substantive ex parte communications with the Court concerning the same accusations later presented in the motion, without Plaintiff's contemporaneous participation or opportunity to respond. This contravened the ordinary

prohibition against one-sided merits communications and undermined the adversarial process. This procedural impropriety should independently warrant denial of Docket Entry 53 and consideration of appropriate sanctions or corrective measures sufficient to eliminate any advantage obtained through the ex parte communications, including striking or disregarding matters conveyed through those communications, monetary or other sanctions, referral for professional-disciplinary review, or disqualification or exclusion of counsel from further proceedings in this case. At minimum, every factual assertion conveyed ex parte should be disregarded unless independently established through the properly filed and adversarially tested record.

Measured against that record, Docket Entry 53 fails on two fundamental factual premises. First, Defendants infer that Plaintiff impersonated another individual because they located a Canadian filmmaker with the same or similar name. But Plaintiff has consistently identified himself as a United Kingdom filmmaker and has never represented himself to be Matthew A. Schneider of Canada, claimed that individual's biography, or adopted his personal history. Docket Entry 53 identifies no pleading, transcript statement, or other representation in which Plaintiff supposedly claimed to be that Canadian individual. The existence of another person with the same or similar name is not evidence of impersonation.

Second, Defendants infer that Plaintiff falsely claimed ownership of another person's works because certain titles overlap with Canadian "Dirtbag Films" productions. But title similarity does not establish identity of the underlying audiovisual works. Plaintiff maintains that his works were independently created, predate the productions relied upon by Defendants, and are materially different in expressive content. Copyright protects original expression, not titles standing alone. Defendants therefore cannot bridge the fundamental evidentiary gap between identifying separate

Canadian productions bearing similar titles and proving that Plaintiff ever claimed ownership of those particular works.

An additional credibility issue concerns Defendants' two declarants. Both declarants are connected to Winnipeg, Manitoba, Canada and attended the same Winnipeg high school that Finch acknowledged attending during the hearing. Plaintiff does not contend that this common nexus alone establishes improper coordination. But Defendants do not explain how these particular declarants were identified, whether counsel had any preexisting relationship with either declarant, or whether the declarants were independently sourced. Those circumstances warrant scrutiny before the two declarations are treated as independent corroboration.

Taken together, the record shows that Defendants first advanced these serious accusations through substantive ex parte communications, then formalized them in Docket Entry 53 without identifying any representation in which Plaintiff claimed to be the Canadian filmmaker or any evidence connecting Plaintiff's independently created works to the Dirtbag Films productions. The unusual common nexus among defense counsel and both declarants further counsels against treating the declarations as independent corroboration without explanation. Because Defendants' accusations rest on unsupported inferences rather than proof of impersonation, false copyright ownership, or violation of any clear and unambiguous Court order, Docket Entry 53 should be denied and no order to show cause should issue.

## II. FACTUAL CLARIFICATIONS

### A. Plaintiff Consistently Identified Himself as a United Kingdom Filmmaker and Never Represented Himself to Be the Canadian Dirtbag Films Filmmaker

Plaintiff has consistently identified himself in this action as Matthew Schneider, an independent filmmaker and creative professional from the United Kingdom. The Complaint expressly states that Plaintiff is "from the United Kingdom," is "based in the United Kingdom," and is a "national and resident of the United Kingdom." Dkt. 8 ¶¶ 2, 8, 15. Plaintiff never stated that he was the Canadian individual identified in Defendants' exhibits, attended school in Winnipeg or the University of Waterloo, participated in Dirtbag Films, or possessed any of the biographical attributes reflected in Defendants' IMDb, Instagram, or LinkedIn materials.

Defendants' declarations establish only the identity and background of another individual, Matthew A. Schneider of Canada. Schneider states that he is a Canadian citizen residing in Ottawa, does not know Plaintiff, and is not associated with Plaintiff. But his declaration identifies no statement in which Plaintiff claimed to be Schneider or adopted Schneider's Canadian residence, education, employment history, Dirtbag Films affiliation, or other personal biography.

Docket Entry 53 nevertheless converts the existence of another individual with the same or similar name into the assertion that Plaintiff is "not the real Matthew Schneider" and falsely represented himself as the Dirtbag Films filmmaker. Dkt. 53 at 2–5. That assumes the proposition Defendants must prove. Defendants identify no pleading, declaration, transcript statement, or other communication in which Plaintiff represented himself as Matthew A. Schneider of Canada.

Evidence establishing who the Canadian Schneider is does not establish that Plaintiff ever claimed his identity. Defendants identify no such representation because Plaintiff made none.

## III. DEFENDANTS' SUBSTANTIVE EX PARTE COMMUNICATIONS REQUIRE DISCLOSURE AND CORRECTIVE RELIEF

At the prior status hearing, defense counsel disclosed that, prior to the hearing, they had communicated with the Court outside Plaintiff's presence concerning the same substantive accusations later presented in Docket Entry 53. Plaintiff was not contemporaneously included in those communications, was not provided their contents, and had no opportunity to respond before the allegations were presented to the Court.

Northern District of Illinois Local Rule 83.50 makes the ABA Model Rules of Professional Conduct applicable to attorneys practicing before this Court. ABA Model Rule 3.5(b) provides that a lawyer shall not "communicate ex parte" with a judge during a proceeding unless authorized by law or court order. Judge Wood's published procedures similarly state that, unless the Court directs otherwise, counsel and pro se litigants "must not communicate with the Court about the merits of a case by letter, phone, or email," and that merits communications and requests for relief must instead be made through filings served on the opposing party.

The Seventh Circuit has treated deliberate substantive ex parte contact as sanctionable. In Magnus Electronics, Inc. v. Masco Corp. of Indiana, 871 F.2d 626, 633–34 (7th Cir. 1989), the court held that the district court possessed authority to sanction counsel who deliberately sought substantive

ex parte communication in violation of the governing prohibition. Here, the allegations communicated outside Plaintiff's presence subsequently became sufficiently consequential that the Court altered the course of the litigation and placed previously pending matters in abeyance. Dkt. 52.

Plaintiff therefore respectfully requests disclosure on the record of the dates, participants, substance, and any materials involved in those communications, together with clarification whether the communications were expressly authorized by the Court. Any substantive assertion or evidentiary material conveyed ex parte should be disregarded unless independently established through the properly filed and adversarially tested record, and any resulting procedural or tactical advantage should be eliminated.

Plaintiff further requests preservation of records concerning those communications. After the record is established, the Court may determine whether additional corrective measures or sanctions under its inherent authority are warranted.

## IV. **LEGAL STANDARD — COPYRIGHT PROTECTS ORIGINAL EXPRESSION, NOT TITLES**

The Copyright Act protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Titles standing alone are not copyrightable. See 37 C.F.R. § 202.1(a) ("words and short phrases such as names, titles, and slogans" are not subject to copyright protection).

The Seventh Circuit has long applied that principle. In Becker v. Loew's, Inc., 133 F.2d 889, 891 (7th Cir. 1943), the court held that copyright protects the underlying composition, not its title, and that identity of title does not establish identity of the copyrighted works. Likewise, Peters v. West, 692 F.3d 629, 633–35 (7th Cir. 2012), confirms that copyright infringement turns on protected expressive content rather than shared titles or other unprotectable similarities. The Copyright Office applies the same rule. See U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.4(C) (3d ed. 2021).

Accordingly, independently created works may bear the same or similar titles without being the same copyrighted works. The relevant inquiry is whether the underlying protected expression is the same—not whether the works share a name.

## V. ARGUMENT

### A. Defendants Fail to Connect Plaintiff's Copyright Claims to the Dirtbag Films Productions

Defendants' copyright accusation rests on title overlap. Three works identified in Plaintiff's Dkt. 8, Ex. A—Split: A Film Anthology, Do Us Part, and Orlando Gloom – Always the Same—bear the same or similar titles as productions associated with "Dirtbag Films". From that fact alone, Defendants infer that Plaintiff claimed ownership of those Canadian productions. That premise is false.

Plaintiff claims ownership only of his own independently created works bearing those titles.

Nothing in the Complaint identifies Dirtbag Films, Solmund MacPherson, or Matthew Andreas Schneider as creators of Plaintiff's works or represents the Canadian productions as Plaintiff's works.

The chronology provides affirmative evidence that Plaintiff's works are distinct. As reflected in Exhibit 1, Plaintiff's corresponding works were created and produced in 2011–2012, before the later Canadian Dirtbag Films productions identified by Defendants. Plaintiff therefore could not have copied or derived those earlier works from productions that did not yet exist. See Ex. 1.

Under Becker and Peters, Defendants therefore needed evidence connecting Plaintiff's copyright claims to the same underlying expressive works associated with Dirtbag Films. They produced none. Neither declarant states that he reviewed Plaintiff's audiovisual works, source materials, or Copyright Office deposit copies. Russell likewise does not state that she obtained Plaintiff's works and compared them with the Dirtbag Films productions. No declarant identifies matching footage, screenplay, dialogue, plot, performers, music, production files, or other protected expression.

Defendants instead rely principally on IMDb, Instagram, LinkedIn, and similar materials identifying participants in the Canadian productions. Those materials may establish who created or participated in those works, but they do not establish that Plaintiff's works are the same works.

MacPherson's assertion that he retains rights in the Dirtbag Films productions does not cure this defect. Plaintiff does not dispute whatever rights MacPherson possesses in those productions;

Plaintiff simply does not claim those works. Ownership of one audiovisual work does not establish ownership of another because the two share a title.

Plaintiff's copyright position also predates Docket Entry 53. The Complaint alleges ownership of Plaintiff's own original works and discloses that copyright applications concerning those works were submitted to the United States Copyright Office. Plaintiff possesses corresponding application records, deposit information, creation records, audiovisual files, and production materials identifying the works actually claimed.

If the Court considers direct comparison useful, Plaintiff is prepared to file or lodge the relevant audiovisual works, together with available metadata, Copyright Office materials, and contemporaneous creation records. Direct examination would confirm that Plaintiff's footage, narrative content, performers, dialogue, production elements, and other audiovisual expression differ from the Dirtbag Films productions.

Defendants therefore fail to establish the essential factual connection between Plaintiff's copyright claims and the Canadian productions. Title overlap does not establish identity of the works, and Defendants identify no evidence that Plaintiff claimed ownership of the Dirtbag Films productions.

### B. Plaintiff's Correspondence Address Satisfies Rule 11(a)

Federal Rule of Civil Procedure 11(a) requires a filing to state the signer's "address, e-mail address, and telephone number". Plaintiff's Sanborn address is his correspondence address and

satisfies Rule 11(a)'s address requirement.

### C. The Undisclosed Common Nexus Undermines Any Claim of Independent Corroboration

Defendants present two declarations as though they provide separate and independent corroboration of their allegations. Yet both declarants are connected to Winnipeg, Manitoba, Canada and attended the same Winnipeg high school that Finch acknowledged attending during the status hearing.

Plaintiff does not contend that this common geographic and educational nexus, standing alone, proves improper coordination. But Docket Entry 53 does not explain how these particular declarants were identified or brought into the litigation, whether Finch previously knew either declarant, whether one declarant referred the other, or whether any preexisting school, alumni, social, professional, family, or community relationship existed.

Those omissions matter because the corroborative force of multiple witnesses depends in part on their genuine independence. Where both declarants emerge from the same narrow geographic and educational network shared by counsel presenting their testimony, independence should not simply be presumed without disclosure of how the witnesses were sourced and whether any preexisting relationships or communications existed.

Accordingly, the Court should not afford the declarations enhanced corroborative weight merely because Defendants submitted two witnesses. Before treating them as independent corroboration,

Defendants should explain the circumstances by which the declarants were identified, contacted, and brought into this litigation.

### D. Docket Entry 53 Identifies No Violation Supporting Civil Contempt

Docket Entry 53 seeks contempt-related relief without identifying any Court order that Plaintiff violated. Civil contempt enforces compliance with a judicial command; an eventual finding of contempt requires, at minimum, an unambiguous command and a violation of that command. Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V., 525 F.3d 533, 542 (7th Cir. 2008).

Docket Entry 53 identifies no such command. It does not quote or cite an order directing Plaintiff to take or refrain from the conduct underlying Defendants' accusations, nor does it explain how Plaintiff disobeyed any particular provision of an existing order. Accordingly, Docket Entry 53 does not establish a violation of any identified Court order and provides no basis for the civil-contempt relief sought in the motion.

### E. <u>REQUESTED RELIEF</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1) Requiring disclosure and appropriate corrective relief concerning Defendants' ex parte communications, including disclosure on the record of the dates, participants, substance, and any materials transmitted; clarification whether such communications were expressly authorized by the Court; preservation of relevant records; disregard of any substantive

assertion, evidentiary material, or argument communicated ex parte unless independently established through the properly filed and adversarially tested record; elimination of any procedural, substantive, or tactical advantage obtained through those communications; and, after the record is established, consideration of any further corrective measures or sanctions warranted under the Court's inherent authority;

2) Denying Defendants Doe 1 and Doe 10's Motion for Rule to Show Cause (Dkt. 53) in its entirety and declining to issue an Order to Show Cause or make any finding of civil contempt because Defendants have not established that Plaintiff made the representations attributed to him, claimed ownership of the Canadian Dirtbag Films productions, or violated any clear and unambiguous Court order;

3) Denying Defendants' request to dismiss this action with prejudice, because the record does not establish fraud, misrepresentation, contempt, or other misconduct warranting that extraordinary sanction;

4) Denying Defendants' request for attorneys' fees, costs, and expenses, because Defendants have not established contempt or any compensable loss caused by violation of a Court order;

5) Denying Defendants' request that Plaintiff withdraw his pending United States Copyright Office applications, because Defendants have not established that Plaintiff's works are the Dirtbag Films productions, have not examined Plaintiff's underlying works or Copyright Office deposits, and identify no legal basis for compelling withdrawal of applications

concerning Plaintiff's independently created works;

6) Denying Defendants' request for a permanent injunction restricting dissemination or use of subpoena responses or information contained therein, because Defendants identify no violated protective order and no legal or evidentiary basis connecting such relief to the alleged misconduct asserted in Docket Entry 53;

7) Inquiring, to the extent the Court deems appropriate, into the circumstances surrounding the identification and sourcing of Defendants' declarants, including whether Finch had any preexisting relationship with either declarant, whether one declarant identified or referred the other, and whether the declarants or counsel communicated concerning Plaintiff or this litigation before the declarations were prepared, in light of the shared Winnipeg, Manitoba, Canada and high-school nexus among Finch and both declarants; and

8) Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

September 4, 2026

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, I filed Plaintiff's Response in Opposition to Defendants Doe 1 and Doe 10's Motion for Rule to Show Cause (Dkt. 53) through the Court's CM/ECF system, which will transmit notice of electronic filing to all counsel of record and parties registered to receive electronic notice.

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com