**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER, | § | Case No. 1:25-cv-15278 |
| | § | Hon. Andrea R. Wood |
| Plaintiff, | § | |
| DOES 1-10<br>d/b/a passthepopcorn.me,<br>broadcasthe.net, karagarga.in,<br>hdbits.org, beyond-hd.me,<br>bibliotik.me, | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR MODIFICATION OF IDENTIFICATION-DOCUMENT DIRECTIVE, PROTECTIVE RELIEF, AND STAY OF PRODUCTION AND DISSEMINATION**

Plaintiff Matthew Schneider respectfully moves for modification of the Court's October 7, 2026 identification-document directive, protective relief limiting disclosure of sensitive foreign-issued identification, and a stay of enforcement and dissemination pending resolution of this motion. Plaintiff proposes confidential Court-only verification through one authenticated apostilled UK government-issued photographic identification document, in lieu of producing both his passport and driving licence for access by opposing parties.

# I. INTRODUCTION

This motion concerns the necessity, scope, and dissemination of sensitive foreign-issued identification in a proceeding limited to collateral sanctions following Plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Defendants' allegations (Dkt. 53) have now been substantively addressed by Plaintiff's opposition (Dkt. 58) and audiovisual submission (Dkt. 64), which directly refuted the alleged identification of Plaintiff's Do Us Part with the Canadian production. Any residual issues warrant focused resolution, not expanded sanctions discovery.

Against this narrowed posture, the Court's October 7 directive requiring Plaintiff to produce both his passport and driving licence, with subsequent access by opposing parties, warrants particularized consideration of necessity and proportionality. Plaintiff does not oppose legitimate identity verification. Rather, he offers one independently certified and apostilled UK government-issued photographic identification document for confidential examination by the Court alone, without dissemination of the underlying document or unnecessary residential and personal identifying information to opposing parties. This alternative addresses the legitimate verification objective while avoiding disclosure that cannot meaningfully be reversed.

Plaintiff therefore respectfully requests modification and protective treatment of the identification directive, together with appropriate relief concerning the production obligation. The purpose is not to obstruct the remaining collateral proceedings, but to ensure that any further inquiry is confined to demonstrated unresolved issues, proportionate to their evidentiary significance, and conducted

through the least intrusive reasonably sufficient means, rather than expanding a dismissed copyright action into further sanctions-related discovery.

## II. AUTHORITIES

### A. Foreign-Issued Identification Warrants Particularized Consideration of Necessity, Burden, Data Minimisation, and Dissemination.

In Société Nationale Industrielle Aérospatiale v. United States District Court, 482 U.S. 522, 544–46 & n.28 (1987), the Supreme Court instructed courts to exercise "special vigilance" against unnecessary or unduly burdensome discovery involving foreign litigants. The Court identified relevant considerations including the importance and specificity of the requested information, its foreign origin, the availability of alternative means of obtaining it, and the respective sovereign interests implicated. The Court further emphasized careful judicial supervision to minimize discovery burdens and prevent improper uses of discovery.

United Kingdom data-protection law similarly recognizes purpose limitation, data minimisation, storage limitation, and confidentiality. UK GDPR art. 5(1)(b)–(f) requires personal data to be "adequate, relevant and limited to what is necessary" for specified purposes, restricts retention beyond what is necessary, and requires appropriate security against unauthorized disclosure. The statutory definition of "processing" expressly encompasses disclosure by transmission or dissemination. UK GDPR art. 4(2).

The United Kingdom Information Commissioner's Office ("ICO") explains that data

minimisation requires collecting and retaining only the personal information necessary for an identified purpose and that further use must comply with applicable purpose-limitation requirements. See ICO, A Guide to the Data Protection Principles: Data Minimisation and Purpose Limitation. Where international-transfer restrictions apply, UK GDPR art. 49(1)(e) permits certain transfers necessary for the establishment, exercise, or defence of legal claims. The ICO explains that reliance on this exception requires the particular transfer to be necessary and proportionate, with disclosure limited to the minimum information required. See ICO, International Transfers: What Are the Exceptions?

### B. Federal Procedural Law Requires Proportionate Discovery and Authorizes Narrowly Tailored Protection of Sensitive Personal Information.

Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters relevant and proportional to the needs of the case, while Rule 26(b)(2)(C)(i) requires limitation of unnecessarily duplicative or burdensome discovery. Rule 26(c)(1)(A)–(D) authorizes protective measures, including restricted disclosure, alternative production methods, and limitations on scope.

In Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34–37 (1984), the Supreme Court recognized the substantial privacy interests implicated by discovery and upheld restrictions on dissemination. The Seventh Circuit similarly required narrowing overbroad discovery in National Utility Service, Inc. v. Northwestern Steel & Wire Co., 426 F.2d 222, 225–27 (7th Cir. 1970). In Stevens v. ICE, Nos. 25-1126 & 26-1017, slip op. at 7–8 (7th Cir. June 22, 2026), the Seventh Circuit vacated an overbroad disclosure sanction involving sensitive personal information where narrower alternatives had not been adequately considered.

Together, these authorities support tailoring compelled production to its demonstrated necessity, including consideration of less intrusive methods, minimization of sensitive identifiers, and restrictions on access and dissemination.

## III. ARGUMENT

### A. The Directive Contemplates Adversarial Disclosure Without Specifying the Governing Protective-Order Safeguards.

The Court's October 7 directive requires Plaintiff to submit both his passport and driving licence for filing under seal, with subsequent access by opposing parties "subject to a protective order." However, the directive neither identifies an operative protective order nor specifies the conditions governing access, permissible use, copying, further dissemination, retention, or disposition of these sensitive foreign-issued identification documents.

The absence of defined safeguards leaves Plaintiff unable to determine who may access his residential information and government-issued identifiers, for what purposes, under what restrictions, and for how long. A general reference to a future protective order does not itself establish enforceable limitations on disclosure. Sealing restricts public access but does not resolve the separate question of adversarial access. Federal law recognizes the necessity of meaningful judicial supervision and specifically tailored protections for sensitive information. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34–37 (1984); Fed. R. Civ. P. 26(c)(1).

Plaintiff therefore requests that the Court resolve the scope and necessity of adversarial access, including his proposed Court-only verification alternative, before authorizing dissemination under any protective arrangement.

### B. One Authenticated Government-Issued Photographic ID Provides a Reasonable, Less Intrusive Means of Verification.

Plaintiff offers one independently certified and apostilled UK government-issued photographic identification document for confidential Court-only examination. This provides a reasonable means of verifying Plaintiff's legal identity without requiring production of both a passport and driving licence or dissemination of the underlying documents to opposing parties. The directive does not identify what additional verification purpose necessitates the second document or why confidential judicial examination would be insufficient.

Federal discovery principles require consideration of unnecessarily duplicative production and less burdensome alternatives. Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i), 26(c)(1); National Utility Service, Inc. v. Northwestern Steel & Wire Co., 426 F.2d 222, 225–27 (7th Cir. 1970). In Detroit Edison Co. v. NLRB, 440 U.S. 301, 314–20 (1979), the Supreme Court likewise recognized the importance of accommodating confidentiality interests through narrower disclosure arrangements where a legitimate informational need can be satisfied without unnecessary direct dissemination.

Plaintiff's proposed procedure accommodates the Court's legitimate verification objective while minimizing unnecessary exposure of sensitive foreign government identification and residential

information.

**C. Irreversible Disclosure Warrants a Stay Pending Determination of the Proposed Protective Modification.**

Once opposing counsel receives Plaintiff's sensitive government-issued identification and residential information, the resulting loss of confidentiality cannot meaningfully be reversed. The Supreme Court recognized that compelled disclosure may cause irreparable injury because appellate courts cannot always "unring the bell" once information has been released. Maness v. Meyers, 419 U.S. 449, 460 (1975). The Federal Circuit recently reaffirmed this principle in Trustees of Columbia University v. Gen Digital Inc., No. 24-1244, slip op. at 12–13 (Fed. Cir. Mar. 11, 2026).

The Supreme Court likewise recognized that subsequent judicial relief cannot withdraw knowledge already acquired through disclosure, even where partial remedies remain available. Church of Scientology of California v. United States, 506 U.S. 9, 12–13 (1992). Accordingly, a stay pending determination of Plaintiff's proposed protective modification is warranted because subsequent redaction, return, or destruction of copies cannot fully restore the confidentiality lost through adversarial disclosure.

## D. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1) Modifying the October 7, 2026 directive to permit identity verification through one independently certified and apostilled copy of a UK government-issued photographic identification document, submitted exclusively to the Court for confidential in camera examination, in lieu of producing both a passport and driving licence;

2) Protecting the identification document and its underlying sensitive personal information, including residential-address and document-number information, from access, copying, retention, or dissemination by opposing counsel or parties;

3) Staying enforcement of the existing two-document production requirement and prohibiting any dissemination of identification information to opposing counsel or parties pending determination of this motion;

4) Alternatively, if modification is denied, granting a temporary stay of production and dissemination to permit Plaintiff to seek available appellate review and interim protective relief before irreversible disclosure occurs; and

5) Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

October 14, 2026

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 14, 2026, I filed Plaintiff's Motion for Modification of Identification-Document Directive, Protective Relief, and Stay of Production and Dissemination through the Court's CM/ECF system, which will transmit notice of electronic filing to all parties of record and parties registered to receive electronic notice.

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com