IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:25-cv-15278 |
| | ) | |
| DOES 1-10, | ) | Hon. Andrea R. Wood |
| | ) | |
| Defendants. | ) | |

# MOTION FOR RULE TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S OCTOBER 2, 2026 ORDER

COMES NOW Defendant John Doe 1, by and through counsel, and moves for issuance of a rule directing Plaintiff Matthew Schneider to show cause why he should not be held in civil contempt for failing to submit his driver's identification card, passport, and copyright application documentation to the courtroom deputy for filing under seal as required by the Court's October 2, 2026 Order, ECF No. 67. Defendant requests an expedited compliance directive and a schedule permitting Plaintiff to respond before the Court adjudicates contempt or imposes sanctions. In support, Defendant states as follows:

## I. INTRODUCTION

Plaintiff has failed to comply with the Court's October 2, 2026 Order. ECF No. 67 In that Order, the Court directed Plaintiff to provide three things to her courtroom deputy via email for filing under seal. Plaintiff was directed to provide a copy of his driving license, a copy of his passport, and documentation of his application to the U.S. Copyright Office. (*See* ECF No. 67) by October 9, 2026. That date came and went with no apparent compliance by Plaintiff. On October 14, 2026, Plaintiff filed a motion to modify the Court's "directive" as to the identity documents.

He did not seek leave from the Court to file this motion after the original deadline for compliance, and his motion offers no justification for the delay. His motion did not address the U.S. Copyright Office application materials. As of the filing of this motion, Defendant has received no communication indicating that Plaintiff has complied with the Court's Order directing him to provide the U.S. Copyright Office application materials.

A rule to show cause should issue directing Plaintiff to show why he should not be held in civil contempt for his failure to abide by the Court's October 2 Order with respect to all of the items the Court directed him to provide for filing under seal by the courtroom deputy. Plaintiff's untimely motion to modify the Court's "directive" is insufficient and appears to be an improper attempt to multiply the proceedings. The Court's desire for Plaintiff to provide these materials was discussed at length during the October 2, 2026 hearing. Not only did Plaintiff not object at that time, but he also affirmatively stated to the Court that he would comply.

## II. RELEVANT HISTORY

On October 2, 2026, the Court held a status hearing by video. Plaintiff appeared by telephone and advised that technical difficulties prevented his appearance by video. ECF No. 67 at 1. The resulting written Order expressly required: "by 10/9/2026, Mr. Schneider shall email the courtroom deputy copies of: (1) his driver's identification card, (2) his passport, and (3) documentation of his application to the U.S. Copyright Office." The Order further provided: "Once received, the courtroom deputy shall file the documents under seal. The information will be provided to the parties subject to a protective order." ECF No. 67 at 1. As stated on the record, by 10/9/2026, Mr. Schneider was directed to email the courtroom deputy copies of: (1) his driver's identification card, (2) his passport, and (3) documentation of his application to the U.S. Copyright Office. Once received, the courtroom deputy shall file the documents under seal.

The Court separately directed the parties to submit proposed sanctions-related discovery requests and third-party subpoenas by October 23, 2026, with objections due November 6, 2026. ECF No. 67 at 1. Prompt enforcement will permit the Court to address compliance before the forthcoming discovery submissions.

Plaintiff failed to submit the identification documents by October 9, 2026, as directed. Defendant requests that Plaintiff be required to substantiate any contrary assertion through evidence of timely transmission to the courtroom deputy.

Because the Order required submission to the deputy rather than direct delivery to Defendant, Defendant does not rely solely on counsel's nonreceipt as proof of noncompliance but presumes said delivery did not occur because on October 14, 2026, after the deadline set by the Court in its October 2, 2026 Order, Plaintiff filed a motion seeking modification of the Court's "directive." ECF No. 69

Plaintiff's untimely Motion for Modification requests permission to substitute one independently certified and apostilled government-issued photographic identification document for the two identification documents the Court ordered, and to limit examination to the Court alone[1]. ECF No. 69 at 1, 6, 8. Modifying the October 2, 2026 directive to permit identity verification through one independently certified and apostilled copy of a UK government-issued photographic identification document, submitted exclusively to the Court for confidential in camera examination, in lieu of producing both a passport and driving licence. Plaintiff also requests a stay of production and dissemination pending disposition of his motion and, alternatively, a temporary stay to seek appellate relief. ECF No. 69 at 8. A request for a stay is not

---

[1] ECF No. 69 repeatedly refers to an "October 7" directive. This motion seeks enforcement of the specific written Order supplied at ECF No. 67, entered October 2, 2026, which expressly sets October 9 as the submission deadline. Defendant does not ask the Court to infer the terms or effect of any different directive from Plaintiff's characterization.

an order granting one. Defendant seeks enforcement to the extent the October 2 Order has not been stayed or modified by the Court.

Plaintiff's motion concerns the two identification documents. However, the Court's October 2, 2026 Order also required that Plaintiff submit documentation of Plaintiff's Copyright Office application. ECF No. 67. To Defendant's knowledge Plaintiff has also failed to provide this evidence in violation of the Court's Order.

## III. GOVERNING STANDARD

Civil contempt requires clear and convincing evidence that an order contains an unambiguous command, the respondent violated that command, the violation was significant rather than substantial compliance, and the respondent failed to make a reasonable and diligent effort to comply. *United States Securities & Exchange Commission v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). A person facing civil contempt must receive adequate notice and a fair opportunity to be heard. A motion seeking a rule to show cause ordinarily seeks a preliminary order directing a response, rather than an immediate contempt adjudication at its initial presentation. *Id.* at 696–97. Defendant therefore requests issuance of the rule and an opportunity for Plaintiff to submit evidence and present any defense before a contempt determination. Civil contempt remedies may compel compliance and compensate a party for losses caused by noncompliance; reasonable attorney's fees may be awarded in the Court's discretion. *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855–57 (7th Cir. 2005).

## IV. ARGUMENT

A rule to show cause is warranted. Plaintiff did not comply with the Court's unambiguous October 2, 2026 Order directing him to provide copies of 1) his driver's identification card; 2) his passport to the courtroom deputy; and 3) documentation of his application to the U.S. Copyright

Office for filing under seal. He did so after consenting to provide these items on the record during the October 2, 2026 hearing.

A. The submission requirement of the Court's Order was express and independent of the terms of subsequent party access.

ECF No. 67 identifies the recipient, the documents, the transmission method, and the deadline. It required Plaintiff to email both identification documents to the courtroom deputy by October 9. It did not make that submission conditional on agreement concerning a protective order.

The Order separately addresses later access: documents received by the deputy would be filed under seal, and information would be provided to the parties subject to a protective order. Plaintiff's concerns about access, copying, retention, and dissemination therefore do not establish that submission to the Court was impossible or that the deadline was suspended. The Court can enforce submission while separately resolving the conditions governing party access.

Defendant does not seek public filing of Plaintiff's identification or unrestricted dissemination. Defendant requests compliance with the Court's existing submission procedure. The Court already provided for protection related to subsequent access to the sealed filing in the October 2, 2026 Order.

B. Plaintiff's untimely request to change the October 2 Order does not itself establish compliance or excuse the missed deadline.

Despite having agreed to its terms on the record during the October 2, 2026 hearing, Plaintiff may have been entitled to request modification and protective relief. However, his October 14 motion, filed after the October 9 deadline, does not itself establish that he complied with the operative Order or obtained relief before the deadline expired. An offer to provide one different, authenticated document for *in camera* examination is a proposed modification, not proof

that both required identification documents were timely emailed to the deputy.

Plaintiff relies on *Maness v. Meyers* to argue that disclosure cannot be undone. ECF No. 69 at 7. But *Maness* also explains that court orders ordinarily must be obeyed absent a stay. Its holding protected an attorney's good-faith advice to assert the Fifth Amendment privilege; it did not create a general privacy-based immunity from compliance. *Maness*, 419 U.S. 449, 458–60, 464–70 (1975). Although resistance may permit review in some circumstances, it carries the risk of contempt if the asserted justification is rejected. Here, the Court should consider Plaintiff's disclosure concerns without treating his pending stay request as an already-issued stay.

Defendant accordingly asks the Court to reject any contention that filing ECF No. 69, standing alone, suspended or retroactively excused the October 9 submission obligation. The Court may adjudicate Plaintiff's requests concerning later dissemination separately or together with the requested rule.

C. Plaintiff should be directed to substantiate compliance or explain his failure before any contempt ruling.

Failure to submit both documents would be a failure to perform the central act the identification directive required, not merely a technical departure. Plaintiff's proposed substitute does not demonstrate substantial compliance unless the Court authorizes it.

Whether Plaintiff made reasonable and diligent efforts to comply should be addressed on an evidentiary record. Defendant requests a declaration identifying: (a) whether each identification document was submitted; (b) the date and method of any submission; (c) evidence of transmission; (d) any document Plaintiff claims he cannot obtain or produce; (e) the specific reason for any inability; and (f) the steps taken before October 9 to comply or obtain relief.

Defendant does not request a present finding of willful misconduct, a punitive fine, or an adjudication of the underlying sanctions allegations. The requested rule would permit the Court to

resolve compliance and any asserted excuse using the required clear-and-convincing standard.

D. Plaintiff has failed to provide evidence regarding his alleged application to the U.S. Copyright Office.

Plaintiff's Motion for Modification does not address his obligation to provide evidence of his alleged application to the U.S. Copyright Office. Defendant has received no information regarding compliance by Plaintiff regarding this evidence; however it appears that Plaintiff has failed to comply with the October 2 Order with regard to this information. It may be that Plaintiff provided the U.S. Copyright application materials to the courtroom deputy as directed in the Order and Defendants have simply not yet been made aware of that submission. If that is the case, Defendant is not seeking relief for what currently appears to be Plaintiff's failure to do so. However, if those materials were not timely provided to the courtroom deputy per the October 2 Order, Defendant respectfully requests that the Court issue a rule.

V. CONCLUSION

Plaintiff has failed to abide by the Court's October 2, 2026 Order. Plaintiff agreed to provide the identity documents and U.S. Copyright Office application evidence on the record during the October 2, 2026 hearing by October 9, 2026. Plaintiff then failed to do so, and waited until October 14, 2026 to file a motion seeking modification of the Court's "directive" that addressed only the identification documents and not the U.S. Copyright application evidence.

WHEREFORE, Defendant John Doe 1 respectfully requests that the Court:

1. Issue a rule directing Plaintiff Matthew Schneider to show cause why he should not be held in civil contempt for failing timely to submit copies of his driver's identification card and passport and documentation of his alleged U.S. Copyright Office application to the courtroom deputy as directed in ECF No. 67;

2. Require Plaintiff, within seven days of entry of the rule, to file a sworn response

addressing his failure to provide his driving license, passport, and documentation of his application to the U.S. Copyright Office as directed in ECF No. 67;

3. Absent a stay or modification entered by the Court, direct Plaintiff to email the two identification documents and copyright application materials to the courtroom deputy within three business days of entry of the rule, for filing under seal in accordance with ECF No. 67, without treating that renewed deadline as a determination that the earlier noncompliance was excused;

4. Clarify that any dissemination to counsel or parties remains subject to the Court's protective order requirements and its disposition of Plaintiff's pending protective relief request;

5. Set an in-person hearing after Plaintiff's response, with express notice that civil contempt and appropriate coercive or compensatory relief will be considered, and permit an evidentiary hearing if material facts are disputed;

6. Following the response and hearing, if the Court finds civil contempt established, impose narrowly tailored civil relief necessary to secure compliance, with any coercive sanction subject to a clear means of purging contempt and consideration of Plaintiff's ability to comply;

7. Upon an appropriate finding, award Defendant reasonable attorney's fees and costs caused by the established noncompliance, in amounts supported by a subsequent submission, while reserving that determination until after Plaintiff has had an opportunity to be heard; and

8. Grant such other and further relief as the Court deems just and proper.

Dated: October 16, 2026.

By: */s/ Erin K. Russell*
Erin K. Russell
The Russell Firm, LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
T: 312-994-2424
erin@russellfirmip.com
Counsel for Defendant John Doe 1

CERTIFICATE OF SERVICE

This is to certify that on October 16, 2026, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell