**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:25-cv-15278 |
| | ) | |
| DOES 1-10, et al, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DOE #10'S FIRST SET OF PROPOSED DISCOVERY REQUESTS AND PROPOSED THIRD-PARTY SUBPOENAS**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, and the Court's October 2, 2026 order (Dkt. 67), Defendant Doe #10 ("Doe #10") hereby serves its First Set of Proposed Discovery Requests to Plaintiff ("Plaintiff") (each a "Request" and collectively the "Requests") and Proposed Third-Party Subpoenas. Doe #10 requests that Plaintiff respond to the following Requests within the time set by the Court's order (Dkt. 67).

At the October 2, 2026 status hearing, the Court directed Plaintiff to email the courtroom deputy, by October 9, 2026, copies of "(1) his driver's identification card, (2) his passport, and (3) documentation of his application to the U.S. Copyright Office," which were to be filed under seal and provided to the parties subject to a protective order. (Dkt. 67). Plaintiff did not provide these materials by the Court's deadline. Instead, on October 14, 2026, Plaintiff moved to modify the directive, asking that he be permitted to submit a single identification document for the Court's in camera review only, that the parties be denied access to it, and that his production obligation be stayed. (Dkt. 69). Plaintiff's motion does not address the third category of materials the Court ordered—documentation of his application to the U.S. Copyright Office.

Doe #10 intended to tailor these proposed discovery requests to the information contained in the materials the Court ordered Plaintiff to produce. Those materials would have established Plaintiff's legal name, citizenship, and residence, and the status and contents of any application to register the works asserted in this action. Without them, Doe #10 cannot confirm the facts that certain requests are designed to test. Doe #10 has therefore used bracketed placeholders where that information is required—for example, "Admit that You currently reside at [insert address on driver's license]." Doe #10 will complete those requests once Plaintiff produces the materials the Court ordered.

To comply with the Court's October 23, 2026 deadline and avoid delaying resolution of the pending sanctions motion, Doe #10 submits these requests based on the existing record and in good faith. (Dkt. 67). Doe #10 respectfully reserves the right to supplement or amend these proposed discovery requests and third-party subpoenas after Plaintiff produces the materials the Court ordered, or after the Court rules on Plaintiff's motion to modify (Dkt. 69).

## DISCOVERY REQUESTS

### I. INSTRUCTIONS AND DEFINITIONS

1. "Plaintiff," "You," and "Your" mean Plaintiff Matthew Schneider, the individual who filed the Complaint in this action (Dkt. 8), and any agent, representative, investigator, or other person acting or purporting to act on his behalf, including Saumya Shah and Northbridge Digital Investigations.

2. "Doe #10" means Defendant Doe #10, also referred to in this action as Doe omgwtfnzbs.org.

3. "Third Party" means any person not a named party in this lawsuit.

4. "Asserted Works" means the ten works listed in Exhibit A to the Complaint (Dkt. 4) and Exhibit 1 to Plaintiff's Motion for Leave to Conduct Expedited Discovery (Dkt. 11-3): (a)

Somewhere That Feels Repeated; (b) A Love with No Witnesses; (c) Split: A Film Anthology; (d) A Small Story About Absence; (e) Do Us Part; (f) Fragments We Forgot to Name; (g) Before the Vows Unlearned Us; (h) Orlando Gloom - Always the Same; (i) How the Days Learned My Name; and (j) What Repeats When Nothing Happens; and any other work Plaintiff contends was infringed in this action. "Asserted Work" means any one of them.

5. "Issued Third-Party Subpoenas" means (a) the subpoenas Plaintiff proposed or issued in this action to Cloudflare, Inc. (Dkt. 11-5), GoDaddy.com, LLC (Dkt. 11-6), Google LLC (Dkt. 11-7), Hurricane Electric LLC (Dkt. 11-8), Namecheap, Inc. (Dkt. 11-9), PayPal, Inc. (Dkt. 11-10), Reddit, Inc. (Dkt. 11-11), Stripe, Inc. (Dkt. 11-12), Tucows, Inc. (Dkt. 11-13), and X Corp. (Dkt. 11-14); and (b) the subpoena Plaintiff obtained under 17 U.S.C. § 512(h) directed to Cloudflare, Inc. in In re 17 U.S.C. § 512(h) Subpoena to Cloudflare, Inc., No. 2:25-mc-00089-UA (C.D. Cal.).

6. "Person" means any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities, unless the context indicates otherwise.

7. "Document" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes "writing(s)," "recording(s)," and "photograph(s)" as defined in Rule 1001 of the Federal Rules of Evidence. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8. "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, written, oral, or electronic transmissions.

10. A document, thing, or communication "relating to," "related to," "concerning," or "regarding" a subject means all documents, things, or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

11. The term "any" shall include the word "all," and vice versa.

12. The terms "and," "or," and "and/or" shall be construed conjunctively and disjunctively, whichever makes the Request more inclusive so as to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope.

13. Singular forms of nouns or pronouns encompass their plural forms and vice versa, and any verbs encompass all tenses; a defined word is to have its meaning whether capitalized or not; and where a word is used in the masculine gender, it also includes the feminine.

14. "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

15. "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory of which you have knowledge or information.

16. "Identify" with respect to a person who is an individual means to state the person's (a) full name, (b) present or last known address, and (c) current or last known place of employment and job title.

17. "Identify" with respect to a person that is an entity, means to state its: (a) full name, (b) legal form, (c) state of incorporation or organization or other business or license authority, (d)

present or last known address and telephone number, and (e) the identity of its president, chief executive officer, partners, or natural persons in equivalent positions.

18. "Identify" with respect to a document means to give, to the extent known, the (a) type of document, (b) general subject matter, (c) date of the document, and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the document, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

19. "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication, (b) the form of the communication (e.g., in-person, telephone, facsimile, e-mail, etc.), (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person, and (d) the time, date, and place of the communication.

20. "Subpoenaed Party" means each recipient of an Issued Third-Party Subpoena.

21. "Do Us Part Submission" means the audiovisual file Plaintiff submitted through the Court's digital media submissions portal in response to the Court's September 10, 2026 order (Dkt. 62), as reflected in the Digital Exhibit Information Form (Dkt. 64), and any other copy or version of that file.

22. "Copyright Office Application" means any application to register, deposit copy, certificate, correspondence, or other submission to or from the U.S. Copyright Office concerning any Asserted Work, including the applications Plaintiff alleges he submitted (Dkt. 8 ¶ 17).

23. "GenAI" means any generative artificial intelligence tool or software that generates video, images, audio, voice, text, or other content in response to prompts or other inputs, including text-to-video, image-generation, voice-cloning, and large language model tools.

24. Unless a Request states otherwise, the "Relevant Time Period" is January 1, 2010 through the present.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each residential address at which You have lived since January 1, 2010, including the street address, city, state or province, and country; the dates You lived at each address; and whether You currently live there.

**ANSWER:**

**INTERROGATORY NO. 2:** For each Asserted Work, describe in detail its conception, creation, and completion, including the date of each, the location(s) where it was filmed or written, the equipment and software used, and Your role in its creation.

**ANSWER:**

**INTERROGATORY NO. 3:** For each Asserted Work, describe each instance in which it was released, exhibited, screened, published, or otherwise made available to any person, including the date, location, and form of each release or showing (e.g., theatrical exhibition, film festival, streaming platform, or private viewing); the duration of each showing; and the identity of each person or entity who hosted, attended, or received access to it.

**ANSWER:**

**INTERROGATORY NO. 4:** For each Asserted Work, describe each way You have monetized or attempted to monetize it, including each sale, license, "private viewing," and "agreement with private individuals" You described to the Court, and identify each counterparty, the date and terms of each transaction, and the amount paid.

**ANSWER:**

**INTERROGATORY NO. 5:** For each Asserted Work, state the gross revenue You received, the costs and expenses You incurred to create, produce, and distribute it, and the resulting net profit, for each year from its creation to the present, and identify by Bates number the documents from which those figures are derived.

**ANSWER:**

**INTERROGATORY NO. 6:** For each Asserted Work, identify each cast and crew member, including each actor, writer, director, producer, editor, cinematographer, and composer, and state each person's role.

**ANSWER:**

**INTERROGATORY NO. 7:** State whether the address listed on Your driver's license and the address listed on Your passport are Your current residential address. If either is not, state Your current residential address and explain why it differs.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify each address, other than Your primary residence, at which You have resided or stayed for more than thirty (30) days in any calendar year since January 1, 2020, including any vacation home, second home, or temporary residence.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify each employer or business for which You have worked, or which You have owned or operated, since January 1, 2010, including the dates of employment or operation and Your job title or role.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify, if any, each GenAI tool, photoshop tool, and/or video editing software used to conceive, create, edit, or modify any portion of any Asserted Work or the Do Us Part Submission, and for each tool, identify the portion it generated or modified or edited, the prompts used, and the date of use.

**ANSWER:**

**INTERROGATORY NO. 11:** State whether You created any Asserted Work within the scope of Your employment with, or under a commission from, any person or entity, and, if so, identify that employer or commissioning party and each such Asserted Work.

**ANSWER:**

**INTERROGATORY NO. 12:** Describe the origin and chain of custody of the Do Us Part Submission, including who created the file, when and how it was created, where it has been stored, each person who has had possession of it, and each edit or modification made to it before You submitted it to the Court.

**ANSWER:**

**INTERROGATORY NO. 13:** State Your current mailing address. If it differs from Your current residential address, explain why.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify each name, alias, username, email address, and telephone number You have used since January 1, 2010, including the email address and telephone number listed on the Issued Third-Party Subpoenas, and describe Your connection to the Sanborn, New York address listed on the Complaint and Issued Third-Party Subpoenas (e.g., Dkt. 11-5).

**ANSWER:**

**INTERROGATORY NO. 15:** For each Asserted Work, identify each Copyright Office Application, including the application or registration number, the filing date, the claimant and author named, any work-made-for-hire designation, any disclosure of AI-generated material, and its current status.

**ANSWER:**

**INTERROGATORY NO. 16:** Describe Your relationship with Saumya Shah and Northbridge Digital Investigations, including how You first contacted them, the dates and terms of their engagement, the amounts You paid them, and the address, telephone number, and email address You used to communicate with them.

**ANSWER:**

**INTERROGATORY NO. 17:** State whether You are the Matthew A. Schneider who signed the Declaration of Matthew A. Schneider (Dkt. 53-3), and describe any relationship You have with that individual, with Solmund MacPherson (Dkt. 53-1), or with the filmmaking group "Dirtbag Films."

**ANSWER:**

**INTERROGATORY NO. 18:** Identify all facts, and all documents by Bates number, supporting the creation dates, completion dates, and file metadata stated in Exhibit 1 to Docket Entry 58 (Dkt. 58-1), including the creation dates stated for "Split: A Film Anthology" and "Do Us Part."

**ANSWER:**

## III. REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you are a citizen of [insert country of passport].

**RESPONSE:**

**REQUEST NO. 2:** Admit that Your legal name is [insert legal name on passport].

**RESPONSE:**

**REQUEST NO. 3:** Admit that Your legal name is [insert legal name on driver's license].

**RESPONSE:**

**REQUEST NO. 4:** Admit that You currently reside at [insert address on driver's license].

**RESPONSE:**

**REQUEST NO. 5:** Admit that You currently reside at [insert address on driver's license].

**RESPONSE:**

**REQUEST NO. 6:** Admit that You did not email the courtroom deputy a copy of Your driver's identification card by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 7:** Admit that You did not email the courtroom deputy a copy of Your passport by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 8:** Admit that You did not email the courtroom deputy documentation of Your application to the U.S. Copyright Office by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 9:** Admit that, as of the date of Your response, no Asserted Work is registered with the U.S. Copyright Office.

**RESPONSE:**

**REQUEST NO. 10:** Admit that, before filing the Complaint, You had not submitted an application to the U.S. Copyright Office to register any Asserted Work.

**RESPONSE:**

**REQUEST NO. 11:** Admit that the Do Us Part Submission was generated, in whole or in part, using GenAI.

**RESPONSE:**

**REQUEST NO. 12:** Admit that You do not appear on screen in the Do Us Part Submission.

**RESPONSE:**

**REQUEST NO. 13:** Admit that You are not the Matthew A. Schneider who signed the declaration filed at Docket Entry 53-3.

**RESPONSE:**

**REQUEST NO. 14:** Admit that You have never received payment from any person in exchange for a private viewing of any Asserted Work.

**RESPONSE:**

**REQUEST NO. 15:** Admit that You have never entered into a written agreement with any person concerning the display, licensing, or sale of any Asserted Work.

**RESPONSE:**

**REQUEST NO. 16:** Admit that no Asserted Work has been exhibited in a theater or at a film festival.

**RESPONSE:**

**REQUEST NO. 17:** Admit that no Asserted Work has been made available on a licensed streaming platform.

**RESPONSE:**

**REQUEST NO. 18:** Admit that You have never resided in the United Kingdom.

**RESPONSE:**

## IV. REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:** All documents identified, referenced, or relied upon in answering Doe #10's First Set of Interrogatories.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All documents identified, referenced, or relied upon in responding to Doe #10's First Set of Requests for Admission, including all documents supporting any denial.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All communications between You and any Third Party concerning this action, the Asserted Works, or the Doe Defendants, from December 1, 2024 to the present, excluding communications protected by the attorney-client privilege.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All communications between You and any Subpoenaed Party concerning the Issued Third-Party Subpoenas, including correspondence regarding service, scope, place of compliance, production, preservation, and the Court's May 1, 2026 order holding productions in abeyance (Dkt. 23).

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All documents, data, and other materials You received from any Subpoenaed Party in response to an Issued Third-Party Subpoena from August 27, 2025 to the present, including the materials Cloudflare, Inc. produced in response to the 17 U.S.C. § 512(h) subpoena (see Dkt. 11-4).

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All documents evidencing any revenue, payment, or other compensation You received in connection with any Asserted Work, including contracts, licenses, invoices, receipts, bank or payment-processor records, and records of any "private viewing" or "agreement with private individuals."

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Copyright Office Applications for each Asserted Work, including applications, filing receipts, deposit copies, certificates of registration, and correspondence with the U.S. Copyright Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** Documents sufficient to show all costs and expenses You incurred in creating, producing, editing, releasing, and promoting each Asserted Work, including budgets, invoices, receipts, and payment records.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** All communications between You and any cast or crew member concerning the creation, production, editing, release, or promotion of any Asserted Work.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** A complete copy of each Asserted Work in its original native format, with all metadata intact.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** The original native file of the Do Us Part Submission, with all metadata intact, and all raw footage, project files, edit decision lists, and earlier versions from which it was created.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All prompts, outputs, project files, account records, and activity logs concerning any use of GenAI to create, edit, or modify any portion of any Asserted Work or the Do Us Part Submission.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show Your full legal name, date of birth, citizenship, and current residential address, including the driver's identification card, passport, and Copyright Office documentation the Court ordered You to provide by October 9, 2026 (Dkt. 67).

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All documents concerning Your engagement of Saumya Shah or Northbridge Digital Investigations, including engagement letters, invoices, payment records, communications, and the notes, screenshots, and downloads underlying the Declaration of Saumya Shah (Dkt. 11-2) and its exhibits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All documents supporting the creation dates, completion dates, and file metadata stated in Docket Entry 58-1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Documents sufficient to identify each website, platform, festival, theater, or venue through which any Asserted Work has been distributed, exhibited, or offered for sale, as alleged in Paragraph 18 of the Complaint (Dkt. 8 ¶ 18).

**RESPONSE:**

**DOCUMENT REQUEST NO. 17:** All advertisements, promotional materials, press coverage, reviews, social-media posts, and website pages concerning any Asserted Work that were created or published before December 16, 2025.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** Documents sufficient to show all income from any Asserted Work that You reported on any tax return filed in any jurisdiction during the Relevant Time Period.

**RESPONSE:**

## THIRD-PARTY SUBPOENAS

Doe #10 proposes issuing subpoenas to the following persons upon receiving identifying information from Plaintiff:

1. The production company or claimant named on any Copyright Office Application for the Asserted Works: [NAME OF PRODUCTION COMPANY OR CLAIMANT ON COPYRIGHT OFFICE APPLICATION].

2. Each company involved in the production, design, development, editing, or release of the Asserted Works, as identified in Plaintiff's answers to Interrogatory Nos. 2, 3, and 6: [NAMES TO BE IDENTIFIED].

3. Each actor and crew member credited in the Asserted Works or identified in Plaintiff's answer to Interrogatory No. 6, including each person who appears in the Do Us Part Submission.

4. Each person or entity from which Plaintiff received money in connection with the Asserted Works, including investors, clients, film companies, theaters, and private viewers, as identified in Plaintiff's answers to Interrogatory Nos. 4 and 5.

5. Google LLC, for subscriber and account-registration records for the Gmail account Plaintiff lists on the Issued Third-Party Subpoenas and used in his correspondence with Reddit, Inc. (Dkt. 11-5; Dkt. 36-1).

6. The telephone carrier for the number Plaintiff lists on the Complaint and the Issued Third-Party Subpoenas (Dkt. 8; Dkt. 11-5): [CARRIER NAME—NOT YET IDENTIFIED].

7. The owner, landlord, or mailbox provider for the Sanborn, New York address Plaintiff lists on the Issued Third-Party Subpoenas (Dkt. 11-5): [NAME OF OWNER OR PROVIDER—NOT YET IDENTIFIED].

8. Saumya Shah and Northbridge Digital Investigations, for documents concerning Plaintiff's engagement and the investigation described in the Declaration of Saumya Shah (Dkt. 11-2).

9. The U.S. Copyright Office, through a records request rather than a subpoena, for any applications, deposits, and correspondence concerning the Asserted Works.

Dated: October 23, 2026

*s/ Haley K. Finch*
Haley K. Finch (ND #09627) (PHV)
**STINSON LLP**
120 North Third Street, Suite 225
Bismarck, ND 585501
Telephone: 701.221.8600
Facsimile: 701.221.8601
haley.finch@stinson.com

Nanette Turner Kalcik (Illinois # 6297804)
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
Tele: (316) 268-7930
Fax: (316) 265-1349
nanette.kalcik@stinson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on all parties and attorneys of record via the Court's electronic filing system this 23rd day of October, 2026.

*/s/ Haley K. Finch*
***Attorney for Doe #10***