IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 1:25-cv-15278<br><br>Hon. Andrea R. Wood |

**DEFENDANT JOHN DOE 1'S PROPOSED DISCOVERY REQUESTS AND THIRD PARTY SUBPOENAS**

COMES NOW Defendant John Doe 1, by and through counsel, and submits the following proposed discovery requests pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 as well as the Court's October 2, 2026 Order (ECF No. 67):

On October 2, 2026, the parties appeared for a status hearing. All parties appeared via videoconference except for Plaintiff, who failed to appear via video and instead appeared by telephone. During the hearing, Plaintiff agreed to file with the Court, under seal, copies of his passport and driving license by sending them to the courtroom deputy, who would then effectuate the filing under seal.

The Court then engaged the parties in a lengthy and thorough discussion of written discovery that would occur after Plaintiff produced the passport and driving license. The parties, including Plaintiff, agreed on the record that the parties would submit proposed party discovery and Rule 45 subpoenas to the Court by October 23, 2026, the parties would then have until November 6, 2026 to file any objections to the proposed discovery, and a hearing would be held via videoconference on November 17, 2026 at which the Court would rule on the objections so the parties could issue the written discovery.

On October 2, 2026, the Court issued an Order reflecting the items addressed at the hearing. The Court's Order specifically instructs that Plaintiff provide the passport and driving license documents as well as documentation of his application to the U.S. Copyright Office by October 9, 2026. (ECF No. 67) October 9 came and went with no visible activity from Plaintiff.

On October 14, 2026, Plaintiff, having failed to obey the Court's Order directing him to provide the passport and driving license, filed a motion seeking to stay the discovery schedule set by the Court and to modify the Court's October 2, 2026 Order as to the identity documents. (ECF No. 69). Plaintiff's untimely motion remains pending at this time. Defendant John Doe 1 filed a motion for rule to show cause regarding Plaintiff's failure to obey the Court's October 2, 2026 order on October 16, 2026. (ECF No. 70).

Plaintiff's refusal to produce his passport and driving license hinders the discovery plan agreed to by the parties on October 2, 2026. Defendants do not know Plaintiff's true identity. Third party discovery regarding Plaintiff is now frustrated by this refusal. Plaintiff has made it clear that he intends to appeal any order issued by the Court denying his motion. This interference with the discovery schedule is not incidental. This is Plaintiff's design.

Defendant John Doe 1 submits to the Court the following proposed discovery with the caveat that it is not complete as a result of Plaintiff's actions. Defendant respectfully reserves the right to amend the attached proposed discovery, or to propose new and additional discovery, after the issue regarding Plaintiff's compliance with the Court's October 2, 2026 Order is resolved and Plaintiff has complied and provided his identity documents and copyright registration documents.

## PROPOSED DISCOVERY REQUESTS

## I. INSTRUCTIONS AND DEFINITIONS

As used herein, the following definitions apply:

1. "**Defendant**" means Defendant John Doe 1.

2. "**Plaintiff**," "**You**," and "**Your**" means the natural person who filed this lawsuit, who has called himself Matthew Schneider in this litigation, whether known by that name or by any other name, the plaintiff in this action, and any representative, agent, investigator, advisor or any other person acting or purporting to act on his behalf.

3. The term "**document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), except that "document" specifically includes, without limitation, any electronically stored data or information and includes "writing(s)," "recording(s)," and "photograph(s)" as defined in Rule 1001 of the Federal Rules of Evidence. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

4. "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

5. The term "**concerning**" means constituting, comprising, referring to, reflecting, evidencing, or in any way relevant within the scope and meaning afforded by Federal Rule of Civil Procedure 26(b)(1).

6. The term "**including**" means including but not limited to.

7. With respect to persons, the term "**identify**" means to provide the name, present or last known address, telephone number, email address, and social media handle/username and the platform on which that handle/username is used.

8. With respect to documents or things, the term "**identify**" means to state the type of document or thing (e.g. letter, email, text message, direct or private message), the general subject matter, the date of the document or thing's creation and the last date it was altered or edited, the author(s), addressee(s), recipient(s), subject/s, and owner(s).

9. With respect to government or business records, the term "**identify**" shall mean to state the government or entity that created or issued the record, the location of the record, the purpose of the record, and if the record is a government-issued identity document, the name, address, date of birth, and telephone number of the person to whom it was issued.

10. "**Person**" and "**persons**" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

11. "**GenAI**" means any generative artificial intelligence tool or software that generates video, images, audio, voice, text, or other content in response to prompts or other inputs, including text-to-video, image-generation, voice-cloning, and large language model tools.

12. "**Subpoenaed Party**" means each recipient of an Issued Third-Party Subpoena.

13. "**Issued Third-Party Subpoenas**" means (a) the subpoenas Plaintiff proposed or issued in this action to Cloudflare, Inc. (Dkt. 11-5), GoDaddy.com, LLC (Dkt. 11-6), Google LLC (Dkt. 11-7), Hurricane Electric LLC (Dkt. 11-8), Namecheap, Inc. (Dkt. 11-9), PayPal, Inc. (Dkt. 11-10), Reddit, Inc. (Dkt. 11-11), Stripe, Inc. (Dkt. 11-12), Tucows, Inc. (Dkt. 11-13), and X Corp. (Dkt. 11-14); and (b) the subpoena Plaintiff obtained under 17 U.S.C. § 512(h) directed to Cloudflare, Inc. in In re 17 U.S.C. § 512(h) Subpoena to Cloudflare, Inc., No. 2:25-mc-00089-UA (C.D. Cal.).

14. The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

15. "**Asserted Works**" means the ten works listed in Exhibit A to the Complaint (Dkt. 4) and Exhibit 1 to Plaintiff's Motion for Leave to Conduct Expedited Discovery (Dkt. 11-3): (a) Somewhere That Feels Repeated; (b) A Love with No Witnesses; (c) Split: A Film Anthology; (d) A Small Story About Absence; (e) Do Us Part; (f) Fragments We Forgot to Name; (g) Before the Vows Unlearned Us; (h) Orlando Gloom - Always the Same; (i) How the Days Learned My Name; and (j) What Repeats When Nothing Happens; and any other work Plaintiff contends was infringed in this action. "Asserted Work" means any one of them.

16. "**Do Us Part Submission**" means the audiovisual file Plaintiff submitted through the Court's digital media submissions portal in response to the Court's September 10, 2026 order (Dkt. 62), as reflected in the Digital Exhibit Information Form (Dkt. 64), and any other copy or version of that file.

## II. FIRST SET OF INTERROGATORIES

**INTERROGATORY 1.** State your legal name, your country of citizenship, all addresses associated with you whether residential, commercial, or mailing, all telephone numbers used by you since 2010, and all email addresses used by you in the past two years.

**Response:**

**INTERROGATORY 2.** Identify the internet service provider you use in your place of residence, including your account number.

**Response:**

**INTERROGATORY 3.** Identify all information and evidence supporting the allegations contained in Paragraph 8 of your Complaint (ECF No. 1).

**Response:**

**INTERROGATORY 4.** Identify all information and evidence supporting the contention that you have monetized any of the works listed on Exhibit A to your Complaint.

**Response:**

**INTERROGATORY 5.** Identify each cast and crew member who had any involvement in the creation, making, filming, editing, distribution, or monetization in any manner of the works listed on Exhibit A to your Complaint.

**Response:**

**INTERROGATORY 6.** Identify each harm you suffered as alleged in Paragraph 14 of your Complaint.

**Response:**

**INTERROGATORY 7.** Identify all information and evidence supporting the allegations contained in Paragraph 15 of your Complaint.

**Response:**

**INTERROGATORY 8.** Identify all information and evidence supporting the claim that you "own and control the copyrights in your original works" as alleged in Paragraph 16 of your Complaint.

**Response:**

**INTERROGATORY 9.** Identify all information and evidence supporting the allegations contained in Paragraph 17 of your Complaint.

**Response:**

**INTERROGATORY 10.** Identify all information and evidence supporting the allegations contained in Paragraph 18 of your Complaint.

**Response:**

**INTERROGATORY 11.** Identify all persons who participated in the preparation of Plaintiff's responses to Defendant's First Interrogatories, First Requests to Admit, and First Requests to Produce.

**Response:**

**INTERROGATORY 12.** Identify, if any, each GenAI tool, photoshop tool, and/or video editing software used to conceive, create, edit, or modify any portion of any Asserted Work or the Do Us Part Submission, and for each tool, identify the portion it generated or modified or edited, the prompts used, and the date of use.

**Response:**

**INTERROGATORY 13.** Identify all information and evidence supporting the allegations contained in Paragraph 39 as they pertain to Defendant.

**Response:**

**INTERROGATORY 15.** Identify all communications you have had with Saumya Shah, Jayne Gibson, and "Northbridge Digital Experts" and provide all contact information you have for Saumya Shah, Jayne Gibson, and "Northbridge Digital Experts."

**Response:**

**INTERROGATORY 16.** For each Asserted Work, describe in detail its conception, creation, and completion, including the date of each, the location(s) where it was filmed or written, the equipment and software used, and Your role in its creation.

**Response:**

**INTERROGATORY 17.** For each Asserted Work, describe each instance in which it was released, exhibited, screened, published, or otherwise made available to any person, including the date, location, and form of each release or showing (e.g., theatrical exhibition, film festival, streaming platform, or private viewing); the duration of each showing; and the identity of each person or entity who hosted, attended, or received access to it.

**Response:**

**INTERROGATORY 18.** For each Asserted Work, describe each way You have monetized or attempted to monetize it, including each sale, license, "private viewing," and "agreement with private individuals" You described to the Court, and identify each counterparty, the date and terms of each transaction, and the amount paid

**Response:**

## III. FIRST REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you are a citizen of [insert country of passport].

**RESPONSE:**

**REQUEST NO. 2:** Admit that Your legal name is [insert legal name on passport].

**RESPONSE:**

**REQUEST NO. 3:** Admit that Your legal name is [insert legal name on driver’s license].

**RESPONSE:**

**REQUEST NO. 4:** Admit that You currently reside at [insert address on driver’s license].

**RESPONSE:**

**REQUEST NO. 4:** Admit that You currently reside at [insert address on driver’s license].

**RESPONSE:**

**REQUEST NO. 5:** Admit that You did not email the courtroom deputy a copy of Your driver’s identification card by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 6:** Admit that You did not email the courtroom deputy a copy of Your passport by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 7:** Admit that You did not email the courtroom deputy documentation of Your application to the U.S. Copyright Office by October 9, 2026, as the Court ordered (Dkt. 67).

**RESPONSE:**

**REQUEST NO. 8:** Admit that, as of the date of Your response, no Asserted Work is registered with the U.S. Copyright Office.

**RESPONSE:**

**REQUEST NO. 9:** Admit that, before filing the Complaint, You had not submitted an application to the U.S. Copyright Office to register any Asserted Work.

**RESPONSE:**

**REQUEST NO. 10:** Admit that the Do Us Part Submission was generated, in whole or in part, using GenAI.

**RESPONSE:**

**REQUEST NO. 11:** Admit that You do not appear on screen in the Do Us Part Submission.

**RESPONSE:**

**REQUEST NO. 12:** Admit that You are not the Matthew A. Schneider who signed the declaration filed at Docket Entry 53-3.

**RESPONSE:**

**REQUEST NO. 13:** Admit that You have never received payment from any person in exchange for a private viewing of any Asserted Work.

**RESPONSE:**

**REQUEST NO. 14:** Admit that You have never entered into a written agreement with any person concerning the display, licensing, or sale of any Asserted Work.

**RESPONSE:**

**REQUEST NO. 15:** Admit that no Asserted Work has been exhibited in a theater or at a film festival.

**RESPONSE:**

**REQUEST NO. 16:** Admit that no Asserted Work has been made available on a licensed streaming platform.

**RESPONSE:**

**REQUEST NO. 17:** Admit that You have never resided in the United Kingdom.

**RESPONSE:**

**REQUEST NO. 18:** Admit that You have received materials from the Issued Third Party Subpoenas.

**RESPONSE:**

## IV. FIRST REQUESTS TO PRODUCE

**DOCUMENT REQUEST NO. 1:** All documents identified, referenced, or relied upon in answering Defendant John Doe 1's First Set of Interrogatories.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All documents identified, referenced, or relied upon in responding to Defendant's First Requests for Admission, including all documents supporting any denial.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All communications between You and any Third Party concerning this action, the Asserted Works, or the Doe Defendants, from December 1, 2024 to the present, excluding communications protected by the attorney-client privilege.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All communications between You and any Subpoenaed Party concerning the Issued Third-Party Subpoenas, including correspondence regarding service, scope, place of compliance, production, preservation, and the Court's May 1, 2026 order holding productions in abeyance (Dkt. 23).

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All documents, data, and other materials You received from any Subpoenaed Party in response to an Issued Third-Party Subpoena from August 27, 2025 to the present,

including the materials Cloudflare, Inc. produced in response to the 17 U.S.C. § 512(h) subpoena (see Dkt. 11-4).

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All documents evidencing any revenue, payment, or other compensation You received in connection with any Asserted Work, including contracts, licenses, invoices, receipts, bank or payment-processor records, and records of any "private viewing" or "agreement with private individuals."

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Copyright Office Applications for each Asserted Work, including applications, filing receipts, deposit copies, certificates of registration, and correspondence with the U.S. Copyright Office.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** Documents sufficient to show all costs and expenses You incurred in creating, producing, editing, releasing, and promoting each Asserted Work, including budgets, invoices, receipts, and payment records.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** All communications between You and any cast or crew member concerning the creation, production, editing, release, or promotion of any Asserted Work.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** A complete copy of each Asserted Work in its original native format, with all metadata intact.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** The original native file of the Do Us Part Submission, with all metadata intact, and all raw footage, project files, edit decision lists, and earlier versions from which it was created.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** All prompts, outputs, project files, account records, and activity logs concerning any use of GenAI to create, edit, or modify any portion of any Asserted Work or the Do Us Part Submission.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show Your full legal name, date of birth, citizenship, and current residential address, including the driver's identification card, passport, and Copyright Office documentation the Court ordered You to provide by October 9, 2026 (Dkt. 67).

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:** All documents concerning Your engagement of Saumya Shah or Northbridge Digital Investigations, including engagement letters, invoices, payment records, communications, and the notes, screenshots, and downloads underlying the Declaration of Saumya Shah (Dkt. 11-2) and its exhibits.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:** All documents supporting the creation dates, completion dates, and file metadata stated in Docket Entry 58-1.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:** Documents sufficient to identify each website, platform, festival, theater, or venue through which any Asserted Work has been distributed, exhibited, or offered for sale, as alleged in Paragraph 18 of the Complaint (Dkt. 8 ¶ 18).

**RESPONSE:**

**DOCUMENT REQUEST NO. 17:** All advertisements, promotional materials, press coverage, reviews, social-media posts, and website pages concerning any Asserted Work that were created or published before December 16, 2025.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** Documents sufficient to show all income from any Asserted Work that You reported on any tax return filed in any jurisdiction during the Relevant Time Period.

**RESPONSE:**

## PROPOSED THIRD PARTY SUBPOENAS

Defendant John Doe 1 proposes issuing subpoenas to the following persons upon receiving identifying information from Plaintiff:

1. The production company or claimant named on any Copyright Office Application for the Asserted Works: [NAME OF PRODUCTION COMPANY OR CLAIMANT ON COPYRIGHT OFFICE APPLICATION].

2. Each company involved in the production, design, development, editing, or release of the Asserted Works, as identified in Plaintiff's answers to Interrogatory Nos. 16, 17 and 18: [NAMES TO BE IDENTIFIED].

3. Each actor and crew member credited in the Asserted Works or identified in Plaintiff's answer to Interrogatory No. 5, including each person who appears in the Do Us Part Submission.

4. Each person or entity from which Plaintiff received money in connection with the Asserted Works, including investors, clients, film companies, theaters, and private viewers, as identified in Plaintiff's answers to Interrogatory Nos. 17 and 18.

5. Google LLC, for subscriber and account-registration records for the Gmail account Plaintiff lists on the Issued Third-Party Subpoenas and used in his correspondence with Reddit, Inc. (Dkt. 11-5; Dkt. 36-1).

6. Reddit, Inc. for all communications with Plaintiff regarding his subpoena. (ECF No. 36-1).

7. The telephone carrier for the number Plaintiff lists on the Complaint and the Issued Third-Party Subpoenas (Dkt. 8; Dkt. 11-5): [CARRIER NAME—NOT YET IDENTIFIED].

8. The owner, landlord, or mailbox provider for the Sanborn, New York address Plaintiff lists on the Issued Third-Party Subpoenas (Dkt. 11-5) seeking account records for Plaintiff including applications, billing records showing payment methods and billing address(es), and the address(es) to which his mail is allegedly forwarded: [NAME OF OWNER OR PROVIDER—NOT YET IDENTIFIED].

9. Saumya Shah and Northbridge Digital Investigations, for documents concerning Plaintiff's engagement and the investigation described in the Declaration of Saumya Shah (Dkt. 11-2).

10. The U.S. Copyright Office, through a records request rather than a subpoena, for any applications, deposits, and correspondence concerning the Asserted Works.

11. The PACER Service Center in San Antonio, Texas for records identifying the IP address or addresses utilized by Plaintiff in accessing the Court's website.

Dated this the 23rd day of October, 2026.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell
The Russell Firm LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
312-994-2424
erin@russellfirmip.com

Counsel to Defendant John Doe 1

CERTIFICATE OF SERVICE

This is to certify that on October 23, 2026, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell

This the 23rd day of October, 2026.

By: /s/ *Erin K. Russell*
Erin K. Russell
Counsel to Defendant John Doe 1
The Russell Firm, LLC
10 S. Riverside Plaza, Suite 875
Chicago, IL 60606
T: 312-994-2424
erin@russellfirmip.com
Counsel for Defendant John Doe 1

CERTIFICATE OF SERVICE

This is to certify that on October 23, 2026, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell