**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER,<br><br>Plaintiff,<br><br>DOES 1-10<br>d/b/a passthepopcorn.me,<br>broadcasthe.net, karagarga.in,<br>hdbits.org, beyond-hd.me,<br>bibliotik.me,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:25-cv-15278<br><br>Hon. Andrea R. Wood |

**PLAINTIFF'S CONDITIONAL PROPOSED DISCOVERY REQUESTS AND THIRD PARTY SUBPOENAS**

## I. INTRODUCTION

Plaintiff Matthew Schneider conditionally proposes the following focused discovery to Defendants John Doe 1 and John Doe 10 (the "Defendants") only if the Court first determines that further discovery is necessary to resolve the surviving sanctions motion at Dkt. 53. Plaintiff continues to request disposition of Dkt. 53 on the existing record, including Dkts. 58 and 64.

The 1983 Advisory Committee Note to Federal Rule of Civil Procedure 11 instructs courts to confine sanctions proceedings, to the extent possible, to the existing record and to permit

sanctions-related discovery only upon leave of court and in extraordinary circumstances. The Seventh Circuit endorsed this restraint in Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985), affirming the denial of additional discovery sought to support a sanctions and attorneys' fees request. The Court emphasized the need to avoid collateral or "satellite" litigation that unnecessarily multiplies proceedings and expenses.

Although Dkt. 53 is styled as a motion for civil contempt rather than a Rule 11 motion, these authorities provide persuasive guidance favoring restraint in collateral sanctions proceedings. Particularly following Plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i), any additional discovery should be confined to specific, genuinely unresolved matters material to Dkt. 53 that cannot reasonably be resolved from the existing record. Accordingly, Plaintiff submits these proposed requests strictly in the alternative, without conceding that further discovery is warranted, that the Defendants have established extraordinary circumstances, or that their proposed discovery at Dkts. 71 and 72 is appropriate or proportional.

## II. PROPOSED DISCOVERY REQUESTS

### A. DEFINITIONS AND LIMITATIONS

1. **"Defendant," "You," and "Your"** mean John Doe 1 or John Doe 10, individually. Each proposed request is directed separately to the responding Defendant. Responses shall include nonprivileged information reasonably available to that Defendant after appropriate inquiry of counsel and persons acting on the Defendant's behalf in this litigation.

2. **"Identify a statement"** means give the words alleged to be false, their date, the docket entry and paragraph or hearing if known, and the source from which the wording is derived; an exact quotation is requested only when an existing document or record permits one.
3. **"Document"** includes reasonably accessible documents and electronically stored information within the meaning of Rule 34. Requests are limited to nonprivileged matter in the responding Defendant's possession, custody, or control. The proposal does not request counsel's mental impressions, legal theories, or privileged legal advice. If responsive factual material is withheld on privilege or work-product grounds, Rule 26(b)(5) applies.
4. **"Plaintiff's Works"** means the ten works listed in Exhibit A to the Complaint (Dkt. 4), and the audiovisual submission reflected at Dkt. 64.
5. **"Dkt. 53 Allegations"** means the factual accusations stated in that filed motion, not later theories asserted for the first time in subsequent filings.
6. **"Ex Parte Communications"** means any unauthorized substantive written, electronic, oral, or other communication between a Defendant, or counsel acting on that Defendant's behalf, and the Court concerning the Dkt. 53 Allegations, their evidentiary basis, the disputed works, or the sanctions relief sought, where Plaintiff was neither present nor contemporaneously provided notice of the communication and its substance. The term excludes routine communications limited to scheduling, filing procedures, technical arrangements, or other administrative matters that do not address substantive issues.

### B. PROPOSED INTERROGATORIES

The following interrogatories are proposed only in the alternative, if the Court determines that further discovery is necessary to resolve Dkt. 53 and specifically authorizes their service. Each

interrogatory is directed separately to the responding Defendant and limited to nonprivileged information reasonably available after appropriate inquiry.

**INTERROGATORY NO. 1 — Substantive Ex Parte Communications**

Identify each Ex Parte Communication, as defined in Section A(6), involving You or Your counsel before the filing of Dkt. 53 concerning the factual allegations subsequently raised in that motion. For each communication, identify its approximate date, participants, means of communication, general substantive subject matter, whether it was authorized by the Court, and whether and when Plaintiff was informed of its substance. This request excludes routine administrative or scheduling communications and matters disclosed in proceedings at which Plaintiff participated.

**RESPONSE:**

**INTERROGATORY NO. 2 — Alleged Misrepresentation of Canadian Identity**

For each representation by Plaintiff that You contend falsely identified him as Matthew Andreas Schneider of Canada or as a participant in Dirtbag Films, identify the particular statement, its date, its location in the filed or hearing record, and the nonprivileged evidence supporting Your attribution and interpretation of that statement.

**RESPONSE:**

**INTERROGATORY NO. 3 — Alleged Ownership of Canadian Productions**

Identify each particular statement by Plaintiff that You contend claimed authorship or ownership of any of the Canadian Dirtbag Films productions identified in Dkt. 53, as distinguished from Plaintiff's separately identified works bearing the same or similar titles. For each statement,

identify its date, location in the record, and the nonprivileged factual basis for Your conclusion that Plaintiff was claiming the same underlying audiovisual production.

**RESPONSE:**

**INTERROGATORY NO. 4 — Prefiling Examination of Plaintiff's Works.**

State whether, before filing Dkt. 53 on August 21, 2026, You, Your counsel, or any person acting on Your behalf had obtained or viewed the audiovisual content of Plaintiff's works titled Split: A Film Anthology, Do Us Part, or Orlando Gloom – Always the Same, as distinguished from the Canadian Dirtbag Films productions bearing those titles. For each work obtained or viewed, identify the person involved, approximate date, source of the material, and whether any comparison of the underlying audiovisual content was performed.

**RESPONSE:**

**INTERROGATORY NO. 5 — Comparison Following Dkt. 64**

State whether You continue to contend that Plaintiff's audiovisual work Do Us Part, submitted as reflected in Dkt. 64, is the same underlying audiovisual production as the Canadian Dirtbag Films work bearing that title. If so, identify each specific segment, image, sequence, dialogue passage, performer, soundtrack, or other audiovisual element on which You rely, together with the nonprivileged factual basis for the asserted match. If You no longer maintain that the submitted work is the Canadian production, so state.

**RESPONSE:**

**INTERROGATORY NO. 6 — Identification and Sourcing of Declarants**

Identify approximately when and through whom Solmund MacPherson and Matthew Andreas Schneider were first identified or contacted for purposes of Dkt. 53; whether either declarant identified or referred the other; and whether either declarant was personally or professionally acquainted with counsel for either Defendant before this litigation. This interrogatory seeks only nonprivileged facts concerning witness identification and preexisting relationships, not attorney mental impressions, litigation strategy, or privileged communications.

**RESPONSE:**

**INTERROGATORY NO. 7 — Declarants' Examination of Plaintiff's Works**:

For each declaration submitted in support of Dkt. 53, state whether the declarant examined any of Plaintiff's actual audiovisual files, production materials, or United States Copyright Office deposit copies before signing the declaration, as distinguished from materials concerning the Canadian Dirtbag Films productions. For each examination identified, specify the work or material, its source, and the approximate date.

**RESPONSE:**

**INTERROGATORY NO. 8 — Factual Basis for Address Allegation**

Identify each statement by Plaintiff that You contend falsely represented the Sanborn, New York correspondence address as Plaintiff's residential address. For each statement, identify its date, the docket entry or hearing at which it was made, its wording to the extent reflected in an existing record, and the nonprivileged evidence supporting Your contention that Plaintiff represented the address as a residence rather than as an address for correspondence.

**RESPONSE:**

**INTERROGATORY NO. 9 — Court Order Allegedly Violated**

Identify each Court order that You contend Plaintiff violated through the conduct alleged in Dkt. 53, specifying the date and docket number of the order, the particular command allegedly violated, the conduct constituting the alleged violation, and the nonprivileged evidence of noncompliance. If You do not contend that Plaintiff violated any particular Court order through the conduct alleged in Dkt. 53, so state. This interrogatory does not concern any separate alleged noncompliance arising after Dkt. 53 was filed.

**RESPONSE:**

**INTERROGATORY NO. 10 — Causation of Claimed Attorneys' Fees and Expenses**

If You seek compensatory attorneys' fees, costs, or expenses based on the misconduct alleged in Dkt. 53, identify each category of expenses for which compensation is sought, the amount claimed or presently estimated, the relevant time period, the specific alleged misconduct giving rise to the expense, and the nonprivileged factual basis for contending that the expense would not have been incurred absent that conduct. This request does not seek privileged legal advice, attorney mental impressions, or detailed billing narratives, and is proposed only if the Court determines that further evidence concerning compensatory monetary relief is necessary.

**RESPONSE:**

### C. PROPOSED REQUESTS FOR ADMISSION

These proposed requests are directed separately to each responding Defendant and are confined to objectively ascertainable matters relevant to Dkt. 53. They shall be served only if expressly authorized by the Court.

**REQUEST FOR ADMISSION NO. 1 — Substantive Ex Parte Communications**

Admit that, before Dkt. 53 was filed, You or Your counsel engaged in at least one Ex Parte Communication, as defined in Section A(6), with Judge Wood's chambers concerning the factual allegations subsequently raised in Dkt. 53, including Plaintiff's alleged impersonation of Canadian Matthew Andreas Schneider or alleged claims of authorship or ownership involving the Canadian Dirtbag Films productions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2 — Ex Parte Request to Delay Pending Rulings**

Admit that, between the July 24, 2026 status hearing reflected in Dkt. 48, at which the Court took pending motions under advisement, and the August 19, 2026 status hearing, You or Your counsel communicated with Judge Wood's chambers, outside Plaintiff's presence and without contemporaneous notice to Plaintiff, requesting that the Court defer, postpone, or refrain from ruling on one or more motions taken under advisement in Dkt. 48.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3 — Prefiling Examination of Plaintiff's Work**

Admit that, before filing Dkt. 53 on August 21, 2026, neither You nor Your counsel had obtained

or viewed the audiovisual content of Plaintiff's own work entitled Do Us Part, as distinguished from the Canadian Dirtbag Films production bearing that title.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4 — Alleged Canadian Identity**

Admit that Dkt. 53 does not quote any statement by Plaintiff expressly representing himself to be the Canadian Matthew Andreas Schneider identified in the declarations submitted in support of Dkt. 53.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5 — Absence of Audiovisual Comparison**

Admit that Dkt. 53 does not identify any matching scenes, dialogue, footage, performers, soundtrack, or other audiovisual content between Plaintiff's claimed works and the Canadian Dirtbag Films productions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6 — Distinct Audiovisual Productions**

Admit that Plaintiff's audiovisual work Do Us Part, submitted to the Court as reflected in Dkt. 64, is a different audiovisual production from the Canadian Dirtbag Films work entitled Do Us Part relied upon in Dkt. 53.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7 — Absence of Identified Court Order**

Admit that Dkt. 53 does not identify, by date or docket entry, any specific Court order containing a command that Plaintiff allegedly violated through the conduct described in that motion.

**RESPONSE:**

### D. PROPOSED REQUESTS FOR PRODUCTION

These requests are proposed only in the alternative, if the Court determines that additional discovery is necessary to resolve Dkt. 53 and expressly authorizes their service. Each request is directed separately to the responding Defendant and is limited to nonprivileged documents and electronically stored information within that Defendant's possession, custody, or control. Materials already filed with the Court and made available to Plaintiff need not be reproduced.

**DOCUMENT REQUEST NO. 1 — Factual Evidence Supporting Dkt. 53**

Produce all nonprivileged documents and electronically stored information, not already filed with the Court and made available to Plaintiff, upon which You relied before filing Dkt. 53 to support the allegations that Plaintiff (a) falsely represented himself as Canadian Matthew Andreas Schneider or a participant in Dirtbag Films; (b) falsely claimed authorship or ownership of the Canadian Dirtbag Films productions identified in Dkt. 53; or (c) falsely represented his Sanborn, New York correspondence address as his residence.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2 — Prefiling Examination and Comparison of Audiovisual Works**

Produce nonprivileged documents and electronically stored information sufficient to establish whether, before filing Dkt. 53 on August 21, 2026, You, Your counsel, or anyone acting on Your behalf obtained, viewed, or compared the audiovisual content of Plaintiff's three disputed works with the Canadian Dirtbag Films productions bearing the same or similar titles. Responsive materials include any nonprivileged records of receipt or transmission, source-file information, available file metadata, and factual audiovisual comparisons. This request excludes privileged legal advice and attorney mental impressions, conclusions, opinions, or litigation strategy.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3 — Substantive Ex Parte Communications with Chambers**

Produce copies of all nonprivileged substantive letters, emails, attachments, and other written communications transmitted by You or Your counsel to, or received from, Judge Wood's chambers before Dkt. 53 was filed, concerning the factual allegations subsequently raised in that motion, alleged ownership of Canadian Dirtbag Films productions, or requests concerning the disposition of pending motions based on those allegations.

This request is limited to communications occurring outside publicly docketed filings and proceedings in which Plaintiff participated. It excludes routine administrative or scheduling communications unrelated to the substantive allegations. Production remains subject to any

applicable sealing or protective order.

**RESPONSE:**

## III. PROPOSED THIRD-PARTY SUBPOENAS AND ALTERNATIVE LIMITED SUPPLEMENTATION

Plaintiff does not presently request issuance of any third-party subpoena. Plaintiff maintains that Dkt. 53 should be resolved on the existing record, including Dkts. 58 and 64, without additional collateral discovery.

Only if the Court first identifies a specific material factual issue that cannot reasonably be resolved from the existing record does Plaintiff propose consideration of the following limited alternatives:

### 1. Existing Canadian Declarants — Voluntary Supplemental Statements

If the Court determines that clarification from Solmund MacPherson or Matthew Andreas Schneider is necessary, Plaintiff proposes that the Court first consider narrowly confined voluntary supplemental sworn statements addressing:

(a) Whether either declarant examined any of Plaintiff's actual audiovisual works, source materials, or United States Copyright Office deposit copies before executing the declaration

submitted with Dkt. 53;

(b) The specific factual basis, if any, for identifying Plaintiff's works listed in the Complaint as the same underlying audiovisual productions created by Canadian Dirtbag Films;

(c) Whether either declarant identified or referred the other to defense counsel in connection with Dkt. 53; and

(d) Only if the Court determines that witness independence is materially disputed, whether either declarant had a preexisting personal or professional acquaintance with counsel for either Defendant before this litigation.

No compulsory testimony, deposition, or foreign subpoena is presently requested. Any further request for compulsory third-party evidence would require a separate showing of necessity, proportionality, and an applicable lawful means of obtaining that evidence.

**2. Limited Clarification Concerning Communications with Chambers**

To the extent the Court considers the issue material to resolving Dkt. 53, Plaintiff respectfully requests limited clarification on the record concerning whether substantive, off-docket communications relating to the allegations in Dkt. 53 occurred between either Defendant or counsel and the Court's chambers without Plaintiff's participation or contemporaneous notice, and whether any such communications were authorized.

Plaintiff does not seek a subpoena directed to the Court, its chambers, or court personnel, and does not request compulsory production of judicial records.

**3. No Further Third-Party Discovery Absent Particularized Findings**

Plaintiff respectfully requests that no additional third-party subpoenas or compulsory discovery be authorized unless the Court first identifies the discrete unresolved factual issue material to Dkt. 53, explains why the existing record and narrower alternatives are insufficient, and determines that the proposed discovery is necessary and proportionate to the limited surviving collateral proceeding.

Submission of these contingent alternatives does not constitute consent to additional discovery or waive Plaintiff's request for disposition of Dkt. 53 on the existing record.

## IV. REQUESTED LIMITS AND ORDER

Plaintiff respectfully requests that the Court:

1) **Primarily**, resolve Dkt. 53 on the existing record, including Dkts. 58 and 64, and deny unnecessary post-dismissal discovery and third-party subpoenas, consistent with the limitations on satellite sanctions litigation recognized in Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985).

2) **Alternatively,** before authorizing supplemental discovery, identify (a) the specific legal basis for the sanctions under consideration; (b) the discrete, genuinely disputed facts material to that basis; and (c) why the existing record and less burdensome alternatives are insufficient. Authorize only those specifically numbered threshold requests that directly address the identified factual questions, subject to proportionality, privilege protections, and a schedule

established by the Court. Any additional third-party subpoenas should require separate authorization upon a particularized showing of necessity.

3) **Clarify that this proposal is strictly contingent** and does not constitute consent to the discovery proposed in Dkts. 71 or 72; an admission that further factual development is necessary; a concession that Rules 33, 34, and 36 independently authorize discovery as of right following dismissal under Rule 41(a)(1)(A)(i); or a waiver of Plaintiff's objections concerning jurisdiction, relevance, proportionality, privilege, privacy, foreign discovery, or any subsequently proposed discovery request or subpoena.

Respectfully submitted,

October 23, 2026

/s/ Matthew Schneider

Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 27, 2026, I electronically filed Plaintiff's Conditional Proposed Discovery Requests and Third-Party Subpoenas through the Court's CM/ECF system, which will automatically transmit a Notice of Electronic Filing to all counsel of record and parties registered to receive electronic notice in this case.

/s/ Matthew Schneider

Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com