**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER,<br><br>Plaintiff,<br><br>DOES 1-10<br>d/b/a passthepopcorn.me, broadcasthe.net, karagarga.in, hdbits.org, beyond-hd.me, bibliotik.me,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:25-cv-15278<br><br>Hon. Andrea R. Wood |

**DOE #10'S OBJECTIONS TO PLAINTIFF'S CONDITIONAL PROPOSED DISCOVERY REQUESTS AND THIRD-PARTY SUBPOENAS (DKT. 73)**

COMES NOW Defendant Doe #10, by and through undersigned counsel, and pursuant to the Court's October 2, 2026 Order (Dkt. #67) presents its objections to Plaintiff's "conditional" proposed written discovery (Dkt. #73) as follows:

**DOE #10'S PRELIMINARY STATEMENT**

Plaintiff agreed to this discovery. At the October 2, 2026 status hearing, the Court outlined the parameters for the parties' discovery. The parties, including Plaintiff, then agreed on the record to a schedule: proposed party discovery and Rule 45 subpoenas by October 23, objections by November 6, and a November 17 hearing at which the Court would rule on objections. (Dkt. 67; Dkt. 72 at 1.) That schedule required Plaintiff to act first. By October 9, he was to provide his driver's license, his passport, and documentation of his application(s) to the U.S. Copyright Office. (Dkt. 67.) He did not. Instead, he moved to modify that directive and stay his production. (Dkt. 69.)

Dkt. 73 is styled as discovery requests, but it reads as a brief. It reargues whether discovery should occur at all, applies a "necessary and proportionate" standard the Court never

adopted, and asks the Court to make findings before authorizing discovery it has already authorized. Doe #10 respectfully asks the Court to disregard these substantive arguments made by Plaintiff in Dkt. 73. Accordingly, this filing does not address those arguments; this filing is limited to objecting to Plaintiff's discovery requests as they are written. The discovery requests themselves are objectionable. Plaintiff's discovery requests embed legal conclusions. They seek defense counsel's mental impressions and the bases for the arguments in the sanctions motion (Dkt. 53). They pursue an ex parte theory that appears nowhere in Dkt. 53 and falls outside the categories the Court identified on October 2. And several ask Doe #10 to compare Plaintiff's works against Copyright Office deposit copies that Plaintiff has never produced.

Defendant Doe #10 therefore objects to Dkt. 73 under Federal Rules of Civil Procedure 26, 33, 34, and 36, and not to authorize Plaintiff's discovery requests. Doe #10 also adopts and incorporates by reference Defendant John Doe 1's objections to Dkt. 73, filed November 6, 2026, to the extent they are consistent with these objections.

Doe #10 respectfully requests that the Court sustain its objections, decline to authorize the interrogatories, requests for admission, document requests, and third-party alternatives proposed in Dkt. 73, disregard Sections III and IV, and proceed with the discovery the parties agreed to on October 2, 2026.

Dkt. 73 is reproduced below in full. Doe #10's objections follow each section, definition, and request.

## PLAINTIFF'S CONDITIONAL PROPOSED DISCOVERY (DKT. 73), REPRODUCED WITH DOE #10'S SPECIFIC OBJECTIONS

## I. INTRODUCTION

Plaintiff Matthew Schneider conditionally proposes the following focused discovery to Defendants John Doe 1 and John Doe 10 (the "Defendants") only if the Court first determines

that further discovery is necessary to resolve the surviving sanctions motion at Dkt. 53. Plaintiff continues to request disposition of Dkt. 53 on the existing record, including Dkts. 58 and 64.

The 1983 Advisory Committee Note to Federal Rule of Civil Procedure 11 instructs courts to confine sanctions proceedings, to the extent possible, to the existing record and to permit sanctions-related discovery only upon leave of court and in extraordinary circumstances. The Seventh Circuit endorsed this restraint in Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985), affirming the denial of additional discovery sought to support a sanctions and attorneys' fees request. The Court emphasized the need to avoid collateral or "satellite" litigation that unnecessarily multiplies proceedings and expenses.

Although Dkt. 53 is styled as a motion for civil contempt rather than a Rule 11 motion, these authorities provide persuasive guidance favoring restraint in collateral sanctions proceedings. Particularly following Plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i), any additional discovery should be confined to specific, genuinely unresolved matters material to Dkt. 53 that cannot reasonably be resolved from the existing record. Accordingly, Plaintiff submits these proposed requests strictly in the alternative, without conceding that further discovery is warranted, that the Defendants have established extraordinary circumstances, or that their proposed discovery at Dkts. 71 and 72 is appropriate or proportional.

**DOE #10'S OBJECTION TO PLAINTIFF'S INTRODUCTION**

Plaintiff's Introduction is argument, not discovery, and requires no response. If the Court considers it, Doe #10 objects for three reasons. The Court has already done what Plaintiff asks. After the Rule 41(a)(1)(A)(i) dismissal, the Court confirmed its jurisdiction over Dkt. 53, identified the factual issues the declarations raise, and set a discovery period limited to defined topics. (Dkt. 66, 67.) Plaintiff's authorities do not support him. The 1983 Advisory Committee

Note to Rule 11 contemplates sanctions-related discovery by leave of court, and the Court granted that leave here with Plaintiff's agreement. Plaintiff also concedes that Dkt. 53 is not a Rule 11 motion. Plaintiff's statement that he does not concede the appropriateness of Defendants' proposed discovery (Dkts. 71, 72) is contradicted by his agreement to the discovery schedule on the record. Any objection he has to Dkts. 71 and 72 belongs in a timely objection to those filings.

**DOE #10'S GENERAL OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS**

1. **Scope**. Doe #10 objects to each request that falls outside the categories the Court identified on October 2, 2026. The specific objections below identify each such request.
2. **Governing standards**. The Court granted leave for sanctions-related discovery with all parties' agreement. Rule 26(b)(1) governs: discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Doe #10 objects to Dkt. 73's repeated conditions (that discovery proceed "only if" the Court first makes particularized findings of necessity) because they ask the Court to revisit a decision it has already made.
3. **Posture**. These are objections to proposed discovery under the schedule set at Dkt. 67. If the Court authorizes any request, Doe #10 will serve formal responses within the time the Court sets.

## II. PROPOSED DISCOVERY REQUESTS

### A. DEFINITIONS AND LIMITATIONS

**1. "Defendant," "You," and "Your"** mean John Doe 1 or John Doe 10, individually. Each proposed request is directed separately to the responding Defendant. Responses shall

include nonprivileged information reasonably available to that Defendant after appropriate inquiry of counsel and persons acting on the Defendant's behalf in this litigation.

**Objection:** Doe #10 objects to Definition 1 to the extent it requires Doe #10 to make an "inquiry of counsel" and report the results. What counsel learned, from whom, and how counsel investigated before filing Dkt. 53 is attorney work product. Fed. R. Civ. P. 26(b)(3). Communications between Doe #10 and its counsel are protected by the attorney-client privilege. Doe #10 construes "You" and "Your" to mean Doe #10 only.

**2. "Identify a statement"** means give the words alleged to be false, their date, the docket entry and paragraph or hearing if known, and the source from which the wording is derived; an exact quotation is requested only when an existing document or record permits one.

**Objection:** Doe #10 objects to Definition 2 because it assumes the answer to the contested question. By requiring "the words alleged to be false," the definition adopts Plaintiff's characterization of Dkt. 53 and embeds a legal conclusion. Whether Plaintiff's statements were false or misleading is the question the Court will decide on Dkt. 53. It is not a fact that a party can be compelled to concede in discovery. Interrogatory Nos. 2, 3, and 8 incorporate Definition 2 and should be read without the embedded conclusion. Doe #10 does not adopt Plaintiff's characterization by responding to any request.

**3. "Document"** includes reasonably accessible documents and electronically stored information within the meaning of Rule 34. Requests are limited to nonprivileged matter in the responding Defendant's possession, custody, or control. The proposal does not request counsel's mental impressions, legal theories, or privileged legal advice. If responsive factual material is withheld on privilege or work-product grounds, Rule 26(b)(5) applies.

**Objection:** Doe #10 does not object to Definition 3's limitation to nonprivileged matter or its disclaimer of counsel's mental impressions, legal theories, and privileged legal advice. Many of Plaintiff's requests, however, seek exactly what Definition 3 disclaims, as explained below. Plaintiff should be held to his own limitation.

**4. "Plaintiff's Works"** means the ten works listed in Exhibit A to the Complaint (Dkt. 4), and the audiovisual submission reflected at Dkt. 64.

**Objection:** Doe #10 objects to Definition 4 because it assumes that Plaintiff created, authored and owns the listed works, which is a disputed issue in Dkt. 53. Doe #10 refers to these works as "Plaintiff's Alleged Works." Plaintiff has not produced a registration certificate, application, or deposit copy for any of them, despite the Court's order to produce documentation of his Copyright Office application by October 9, 2026. (Dkt. 67.) Doe #10 therefore cannot confirm the accuracy of any representation about them.

Doe #10 also objects to including the file submitted at Dkt. 64 in Definition 4, and to every request that describes that file as an "audiovisual work." Dkt. 73 does not define "audiovisual work." Doe #10 contends that the Dkt. 64 submission was generated in whole or in part with artificial intelligence. Doe #10 cannot admit, and does not adopt, any request premised on the Dkt. 64 file being Plaintiff's "audiovisual work."

**5. "Dkt. 53 Allegations"** means the factual accusations stated in that filed motion, not later theories asserted for the first time in subsequent filings.

**Objection:** Doe #10 does not object to Definition 5 but seeks clarification. Under Plaintiff's own definition, the "Dkt. 53 Allegations" exclude theories first raised in later filings. Plaintiff first raised his ex parte theory in his opposition (Dkt. 58), so it is not a Dkt. 53 Allegation.

**6. "Ex Parte Communications"** means any unauthorized substantive written, electronic, oral, or other communication between a Defendant, or counsel acting on that Defendant's behalf, and the Court concerning the Dkt. 53 Allegations, their evidentiary basis, the disputed works, or the sanctions relief sought, where Plaintiff was neither present nor contemporaneously provided notice of the communication and its substance. The term excludes routine communications limited to scheduling, filing procedures, technical arrangements, or other administrative matters that do not address substantive issues.

**Objection:** Doe #10 objects to Definition 6 and to every request directed to communications with chambers (Interrogatory No. 1, Request for Admission Nos. 1 and 2, and Document Request No. 3). The subject is outside the scope of discovery the Court authorized. It is not among the categories identified on October 2. The limited categories of discovery authorized are: (1) Plaintiff's identity and residential addresses; (2) the works alleged in the Complaint; (3) any registrations of those works; (4) income Plaintiff derived from the works and its sources. The Court observed that discovery would likely involve the development, registration, and commercialization of the alleged films and Copyright Office information. None of those categories concerns communications between counsel and chambers, or defense counsel's prefiling investigation. Furthermore, any "ex parte communication" is irrelevant to Dkt. 53, which concerns Plaintiff's representations about his identity, address, authorship and ownership of the alleged works. Under Plaintiff's own Definition 5, his ex parte theory is not a Dkt. 53 Allegation. The definition also embeds legal conclusions: whether a communication was "unauthorized" or "substantive" is for the Court to determine, not a fact discoverable from a party. Dkt. 53 was filed after the Court, at the August 19, 2026 hearing in which Plaintiff

participated, directed Defendants to file a motion for sanctions supported by declarations. (Dkt. 57.)

**B. PROPOSED INTERROGATORIES**

The following interrogatories are proposed only in the alternative, if the Court determines that further discovery is necessary to resolve Dkt. 53 and specifically authorizes their service. Each interrogatory is directed separately to the responding Defendant and limited to nonprivileged information reasonably available after appropriate inquiry.

**INTERROGATORY NO. 1 — Substantive Ex Parte Communications**

Identify each Ex Parte Communication, as defined in Section A(6), involving You or Your counsel before the filing of Dkt. 53 concerning the factual allegations subsequently raised in that motion. For each communication, identify its approximate date, participants, means of communication, general substantive subject matter, whether it was authorized by the Court, and whether and when Plaintiff was informed of its substance. This request excludes routine administrative or scheduling communications and matters disclosed in proceedings at which Plaintiff participated.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 1 because it seeks information outside the scope of discovery the Court authorized and irrelevant to Dkt. 53, for the reasons stated in the Objection to Definition 6. Communications with chambers do not bear on whether Plaintiff misrepresented his identity, his address, or his ownership of the alleged works. Doe #10 further objects because the interrogatory asks Doe #10 to state whether a communication "was authorized by the Court," which calls for a legal conclusion the Court alone can supply. Doe #10 stands on these objections and asks the Court not to authorize this interrogatory.

**INTERROGATORY NO. 2 — Alleged Misrepresentation of Canadian Identity**

For each representation by Plaintiff that You contend falsely identified him as Matthew Andreas Schneider of Canada or as a participant in Dirtbag Films, identify the particular statement, its date, its location in the filed or hearing record, and the nonprivileged evidence supporting Your attribution and interpretation of that statement.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 2 because it asks Doe #10 to marshal and interpret the record, which is counsel's work. The statements on which Dkt. 53 relies appear in Plaintiff's own filings and hearing statements, which are equally available to Plaintiff, and Dkt. 53 and its supporting declarations (Dkts. 53-1, 53-2, 53-3) identify the basis for the motion. Requiring Doe #10 to select and characterize that evidence seeks counsel's mental impressions and legal theories, which Rule 26(b)(3)(B) protects and Plaintiff's Definition 3 disclaims. Doe #10 also objects because the interrogatory incorporates Definition 2 and asks Doe #10 to defend Plaintiff's framing of what Doe #10 must prove.

**INTERROGATORY NO. 3 — Alleged Ownership of Canadian Productions**

Identify each particular statement by Plaintiff that You contend claimed authorship or ownership of any of the Canadian Dirtbag Films productions identified in Dkt. 53, as distinguished from Plaintiff's separately identified works bearing the same or similar titles. For each statement, identify its date, location in the record, and the nonprivileged factual basis for Your conclusion that Plaintiff was claiming the same underlying audiovisual production.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 3 because it assumes a disputed fact: that Plaintiff has "separately identified works bearing the same or similar titles" that are distinct from the

Dirtbag Films productions. Plaintiff has produced no registration, application, or deposit copy that would establish the existence or content of any such separate works. (Dkt. 67.) The interrogatory also seeks "the nonprivileged factual basis for Your conclusion," which asks for counsel's reasoning in drafting Dkt. 53 and is protected work product. It duplicates Interrogatory No. 2 and Document Request No. 1. Doe #10 refers to its objections to those requests.

**INTERROGATORY NO. 4 — Prefiling Examination of Plaintiff's Works.**
State whether, before filing Dkt. 53 on August 21, 2026, You, Your counsel, or any person acting on Your behalf had obtained or viewed the audiovisual content of Plaintiff's works titled Split: A Film Anthology, Do Us Part, or Orlando Gloom – Always the Same, as distinguished from the Canadian Dirtbag Films productions bearing those titles. For each work obtained or viewed, identify the person involved, approximate date, source of the material, and whether any comparison of the underlying audiovisual content was performed.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 4 because it is a request for admission framed as an interrogatory and duplicates Request for Admission No. 3 and Document Request No. 2. It seeks the details of counsel's prefiling investigation (what counsel obtained, when, from what source, and whether counsel performed a comparison), which is core work product. Fed. R. Civ. P. 26(b)(3). It is also irrelevant. Plaintiff has told the Court that his works are not publicly available, and he did not submit even one of them until directed to do so by the Court, after Dkt. 53 was filed. (Dkt. 64.) Defendants' prefiling access to material Plaintiff withheld does not bear on whether Plaintiff's representations were true. Doe #10 stands on these objections.

**INTERROGATORY NO. 5 — Comparison Following Dkt. 64**

State whether You continue to contend that Plaintiff's audiovisual work Do Us Part, submitted as reflected in Dkt. 64, is the same underlying audiovisual production as the Canadian Dirtbag Films work bearing that title. If so, identify each specific segment, image, sequence, dialogue passage, performer, soundtrack, or other audiovisual element on which You rely, together with the nonprivileged factual basis for the asserted match. If You no longer maintain that the submitted work is the Canadian production, so state.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 5 because it asks Doe #10 to perform and disclose a segment-by-segment comparison of the Dkt. 64 file, which would be analysis prepared in the course of litigation and, thus, protected work product. The request is premised on the Dkt. 64 file being Plaintiff's "audiovisual work," a premise Doe #10 disputes for the reasons stated in the Objection to Definition 4. Doe #10's contentions about Dkt. 53 are stated in its filings and that document speaks for itself. Doe #10 stands on these objections.

**INTERROGATORY NO. 6 — Identification and Sourcing of Declarants**

Identify approximately when and through whom Solmund MacPherson and Matthew Andreas Schneider were first identified or contacted for purposes of Dkt. 53; whether either declarant identified or referred the other; and whether either declarant was personally or professionally acquainted with counsel for either Defendant before this litigation. This interrogatory seeks only nonprivileged facts concerning witness identification and preexisting relationships, not attorney mental impressions, litigation strategy, or privileged communications.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 6 because it seeks how, when, and through whom counsel identified and contacted witnesses. That is counsel's investigative process and core work product, regardless of Plaintiff's label of "nonprivileged facts." Fed. R. Civ. P. 26(b)(3). The request is also outside the categories the Court identified on October 2, as identified in Doe #10's objection to Definition 6 and incorporated here. Doe #10 stands on these objections.

**INTERROGATORY NO. 7 — Declarants' Examination of Plaintiff's Works:**
For each declaration submitted in support of Dkt. 53, state whether the declarant examined any of Plaintiff's actual audiovisual files, production materials, or United States Copyright Office deposit copies before signing the declaration, as distinguished from materials concerning the Canadian Dirtbag Films productions. For each examination identified, specify the work or material, its source, and the approximate date.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 7 as overbroad and outside the scope of discovery the case because it asks what third-party declarants examined, which is within the declarants' knowledge rather than Doe #10's. The interrogatory also asks whether the declarants examined "United States Copyright Office deposit copies" of Plaintiff's works. Plaintiff has never produced any such deposit copy, application, or registration, despite the Court's order (Dkt. 67), and Doe #10 cannot confirm that any exists. Plaintiff cannot seek discovery about materials he has withheld. Doe #10 stands on these objections.

**INTERROGATORY NO. 8 — Factual Basis for Address Allegation**
Identify each statement by Plaintiff that You contend falsely represented the Sanborn, New York correspondence address as Plaintiff's residential address. For each statement, identify its date,

the docket entry or hearing at which it was made, its wording to the extent reflected in an existing record, and the nonprivileged evidence supporting Your contention that Plaintiff represented the address as a residence rather than as an address for correspondence.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 8 because it incorporates Definition 2 and Plaintiff's characterization of the Sanborn, New York address as a "correspondence address," which is argument. Whether Plaintiff resides at that address is a fact within Plaintiff's own knowledge. It is also a fact the Court ordered him to document by producing his driver's license, which he has not done. (Dkts. 67, 69.) Plaintiff lists the Sanborn address in the signature block of his filings, including the Complaint, Dkt. 11, and Dkt. 73 itself. Subject to these objections, if the Court authorizes a response, Doe #10 will identify the filings and hearing statements in which Plaintiff used the Sanborn address.

**INTERROGATORY NO. 9 — Court Order Allegedly Violated**

Identify each Court order that You contend Plaintiff violated through the conduct alleged in Dkt. 53, specifying the date and docket number of the order, the particular command allegedly violated, the conduct constituting the alleged violation, and the nonprivileged evidence of noncompliance. If You do not contend that Plaintiff violated any particular Court order through the conduct alleged in Dkt. 53, so state. This interrogatory does not concern any separate alleged noncompliance arising after Dkt. 53 was filed.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 9 because it seeks a pure legal contention: the legal basis for the sanctions Dkt. 53 requests. That is counsel's legal theory. It is addressed in the briefing on Dkt. 53, including Plaintiff's own opposition (Dkt. 58), and it is not a proper subject of fact discovery. The interrogatory also assumes that sanctions require violation of a specific order. Doe #10 stands on these objections and refers Plaintiff to Dkt. 53.

**INTERROGATORY NO. 10 — Causation of Claimed Attorneys' Fees and Expenses**

If You seek compensatory attorneys' fees, costs, or expenses based on the misconduct alleged in Dkt. 53, identify each category of expenses for which compensation is sought, the amount claimed or presently estimated, the relevant time period, the specific alleged misconduct giving rise to the expense, and the nonprivileged factual basis for contending that the expense would not have been incurred absent that conduct. This request does not seek privileged legal advice, attorney mental impressions, or detailed billing narratives, and is proposed only if the Court determines that further evidence concerning compensatory monetary relief is necessary.

**RESPONSE:**

Doe #10 objects to Interrogatory No. 10 as premature. The amount and causation of fees and expenses become relevant only if the Court finds sanctionable conduct, and they will then be presented through the procedure the Court directs. Doe #10 further objects to the extent the interrogatory seeks counsel's time entries or descriptions of work performed, which reveal counsel's strategy and are protected by the attorney-client privilege and work-product doctrine. Doe #10 will support any fee request when and as the Court directs.

**C. PROPOSED REQUESTS FOR ADMISSION**

These proposed requests are directed separately to each responding Defendant and are confined to objectively ascertainable matters relevant to Dkt. 53. They shall be served only if expressly authorized by the Court.

**Objection Applicable to All Requests for Admission:** Rule 36(a)(1) permits requests for admission about facts, the application of law to fact, or opinions about either, and the genuineness of documents. Several of Plaintiff's requests instead ask Doe #10 to admit what a filed brief does or does not say (Request Nos. 4, 5, and 7), or to concede the ultimate disputed issue (Request No. 6). Dkt. 53 speaks for itself. Requests that ask a party to adopt an opponent's characterization of a brief do not narrow any factual issue.

**REQUEST FOR ADMISSION NO. 1 — Substantive Ex Parte Communications**

Admit that, before Dkt. 53 was filed, You or Your counsel engaged in at least one Ex Parte Communication, as defined in Section A(6), with Judge Wood's chambers concerning the factual allegations subsequently raised in Dkt. 53, including Plaintiff's alleged impersonation of Canadian Matthew Andreas Schneider or alleged claims of authorship or ownership involving the Canadian Dirtbag Films productions.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 1 for the reasons stated in the Objection to Definition 6 and the objection to Interrogatory No. 1. The request is outside the scope the Court authorized, is irrelevant to Dkt. 53, and incorporates Definition 6's legal conclusions. It is also compound: it combines communications about "alleged impersonation" with communications about "claims of authorship or ownership," so that a single answer cannot be given. Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 2 — Ex Parte Request to Delay Pending Rulings**

Admit that, between the July 24, 2026 status hearing reflected in Dkt. 48, at which the Court took pending motions under advisement, and the August 19, 2026 status hearing, You or Your counsel communicated with Judge Wood's chambers, outside Plaintiff's presence and without contemporaneous notice to Plaintiff, requesting that the Court defer, postpone, or refrain from ruling on one or more motions taken under advisement in Dkt. 48.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 2 for the reasons stated in the Objection to Definition 6. The request concerns the timing of the Court's rulings on motions, which is a matter of the Court's management of its docket. It does not concern any claim or defense, and it is outside the scope the Court authorized. The Court announced on the record at the August 19, 2026 hearing, with Plaintiff present, that it would hold pending motions while the identity issue was resolved. (Dkt. 57.) Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 3 — Prefiling Examination of Plaintiff's Work**

Admit that, before filing Dkt. 53 on August 21, 2026, neither You nor Your counsel had obtained or viewed the audiovisual content of Plaintiff's own work entitled Do Us Part, as distinguished from the Canadian Dirtbag Films production bearing that title.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 3 for the reasons stated in its objection to Interrogatory No. 4, which this request duplicates. It seeks the details of counsel's prefiling investigation, which is work product, and it is irrelevant because Plaintiff withheld his alleged works until after Dkt. 53 was filed. (Dkt. 64.) Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 4 — Alleged Canadian Identity**

Admit that Dkt. 53 does not quote any statement by Plaintiff expressly representing himself to be the Canadian Matthew Andreas Schneider identified in the declarations submitted in support of Dkt. 53.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 4 because it asks Doe #10 to characterize the contents of a filed brief rather than to admit a fact. *See* Objection Applicable to All Requests for Admission. Dkt. 53 speaks for itself. The request is also misleading as framed: Dkt. 53 rests on Plaintiff's representations in his filings and at hearings, not only on any statement Dkt. 53 quotes. Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 5 — Absence of Audiovisual Comparison**

Admit that Dkt. 53 does not identify any matching scenes, dialogue, footage, performers, soundtrack, or other audiovisual content between Plaintiff's claimed works and the Canadian Dirtbag Films productions.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 5 because it asks Doe #10 to characterize the contents of Dkt. 53, which speaks for itself, and it is argumentative. *See* Objection Applicable to All Requests for Admission. The request also faults Dkt. 53 for not comparing the content of works Plaintiff had not produced when Dkt. 53 was filed. (Dkt. 64.) And it uses "Plaintiff's claimed works" to assume that the works exist and are Plaintiff's, which Doe #10 disputes. Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 6 — Distinct Audiovisual Productions**

Admit that Plaintiff's audiovisual work Do Us Part, submitted to the Court as reflected in Dkt. 64, is a different audiovisual production from the Canadian Dirtbag Films work entitled Do Us Part relied upon in Dkt. 53.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 6 because it asks Doe #10 to concede the ultimate disputed issue in Dkt. 53 and incorporates the "audiovisual work" premise that Doe #10 disputes. *See* Objection to Definition 4. Doe #10 cannot admit or deny the request after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). The information needed to evaluate it is in Plaintiff's exclusive control and has been withheld, including any registration, application, deposit copy, and the original source files and metadata for the Dkt. 64 file. (Dkts. 67, 69.) Plaintiff has submitted only one alleged film, and Doe #10 contends it was generated in whole or in part with artificial intelligence. Doe #10 stands on these objections.

**REQUEST FOR ADMISSION NO. 7 — Absence of Identified Court Order**

Admit that Dkt. 53 does not identify, by date or docket entry, any specific Court order containing a command that Plaintiff allegedly violated through the conduct described in that motion.

**RESPONSE:**

Doe #10 objects to Request for Admission No. 7 because it asks Doe #10 to characterize the contents of Dkt. 53, which speaks for itself, and because it seeks a legal conclusion about the basis for sanctions. *See* Objection Applicable to All Requests for Admission and the objection to Interrogatory No. 9. Doe #10 stands on these objections.

**D. PROPOSED REQUESTS FOR PRODUCTION**

These requests are proposed only in the alternative, if the Court determines that additional discovery is necessary to resolve Dkt. 53 and expressly authorizes their service. Each request is directed separately to the responding Defendant and is limited to nonprivileged documents and electronically stored information within that Defendant's possession, custody, or control. Materials already filed with the Court and made available to Plaintiff need not be reproduced.

**DOCUMENT REQUEST NO. 1 — Factual Evidence Supporting Dkt. 53**

Produce all nonprivileged documents and electronically stored information, not already filed with the Court and made available to Plaintiff, upon which You relied before filing Dkt. 53 to support the allegations that Plaintiff (a) falsely represented himself as Canadian Matthew Andreas Schneider or a participant in Dirtbag Films; (b) falsely claimed authorship or ownership of the Canadian Dirtbag Films productions identified in Dkt. 53; or (c) falsely represented his Sanborn, New York correspondence address as his residence.

**RESPONSE:**

Doe #10 objects to Document Request No. 1 because it seeks every document counsel "relied upon" before filing Dkt. 53. Counsel's selection and compilation of documents in preparing a motion reveals counsel's mental impressions and is protected work product. Fed. R. Civ. P. 26(b)(3)(B). The evidence supporting Dkt. 53 is already on the docket (Dkts. 53-1, 53-2, 53-3), and the request duplicates Interrogatory Nos. 2, 3, and 8.

**DOCUMENT REQUEST NO. 2 — Prefiling Examination and Comparison of Audiovisual Works**

Produce nonprivileged documents and electronically stored information sufficient to establish whether, before filing Dkt. 53 on August 21, 2026, You, Your counsel, or anyone acting on Your

behalf obtained, viewed, or compared the audiovisual content of Plaintiff's three disputed works with the Canadian Dirtbag Films productions bearing the same or similar titles. Responsive materials include any nonprivileged records of receipt or transmission, source-file information, available file metadata, and factual audiovisual comparisons. This request excludes privileged legal advice and attorney mental impressions, conclusions, opinions, or litigation strategy.

**RESPONSE:**

Doe #10 objects to Document Request No. 2 for the reasons stated in its objections to Interrogatory Nos. 4 and 5 and Request for Admission No. 3, which this request duplicates. Records of what counsel obtained, viewed, or compared, and any "factual audiovisual comparisons" prepared by or for counsel, are work product prepared in anticipation of litigation. The request is also irrelevant because Plaintiff withheld his alleged works until after Dkt. 53 was filed. (Dkt. 64.).

**DOCUMENT REQUEST NO. 3 — Substantive Ex Parte Communications with Chambers**

Produce copies of all nonprivileged substantive letters, emails, attachments, and other written communications transmitted by You or Your counsel to, or received from, Judge Wood's chambers before Dkt. 53 was filed, concerning the factual allegations subsequently raised in that motion, alleged ownership of Canadian Dirtbag Films productions, or requests concerning the disposition of pending motions based on those allegations.

This request is limited to communications occurring outside publicly docketed filings and proceedings in which Plaintiff participated. It excludes routine administrative or scheduling communications unrelated to the substantive allegations. Production remains subject to any applicable sealing or protective order.

**RESPONSE:**

Doe #10 objects to Document Request No. 3 for the reasons stated in the Objection to Definition 6 and its objections to Interrogatory No. 1 and Request for Admission Nos. 1 and 2. The request is outside the scope the Court authorized and irrelevant to Dkt. 53. Although Plaintiff disclaims seeking judicial records (Dkt. 73, Section III.2), this request seeks the same material indirectly. Doe #10 will not search for or produce documents in response to this request on the basis of these objections.

## III. PROPOSED THIRD-PARTY SUBPOENAS AND ALTERNATIVE LIMITED SUPPLEMENTATION

Plaintiff does not presently request issuance of any third-party subpoena. Plaintiff maintains that Dkt. 53 should be resolved on the existing record, including Dkts. 58 and 64, without additional collateral discovery.

Only if the Court first identifies a specific material factual issue that cannot reasonably be resolved from the existing record does Plaintiff propose consideration of the following limited alternatives:

### 1. Existing Canadian Declarants — Voluntary Supplemental Statements

If the Court determines that clarification from Solmund MacPherson or Matthew Andreas Schneider is necessary, Plaintiff proposes that the Court first consider narrowly confined voluntary supplemental sworn statements addressing:

(a) Whether either declarant examined any of Plaintiff’s actual audiovisual works, source materials, or United States Copyright Office deposit copies before executing the declaration submitted with Dkt. 53;

(b) The specific factual basis, if any, for identifying Plaintiff's works listed in the Complaint as the same underlying audiovisual productions created by Canadian Dirtbag Films;

(c) Whether either declarant identified or referred the other to defense counsel in connection with Dkt. 53; and

(d) Only if the Court determines that witness independence is materially disputed, whether either declarant had a preexisting personal or professional acquaintance with counsel for either Defendant before this litigation.

No compulsory testimony, deposition, or foreign subpoena is presently requested. Any further request for compulsory third-party evidence would require a separate showing of necessity, proportionality, and an applicable lawful means of obtaining that evidence.

**2. Limited Clarification Concerning Communications with Chambers**

To the extent the Court considers the issue material to resolving Dkt. 53, Plaintiff respectfully requests limited clarification on the record concerning whether substantive, off-docket communications relating to the allegations in Dkt. 53 occurred between either Defendant or counsel and the Court's chambers without Plaintiff's participation or contemporaneous notice, and whether any such communications were authorized.

Plaintiff does not seek a subpoena directed to the Court, its chambers, or court personnel, and does not request compulsory production of judicial records.

**3. No Further Third-Party Discovery Absent Particularized Findings**

Plaintiff respectfully requests that no additional third-party subpoenas or compulsory discovery be authorized unless the Court first identifies the discrete unresolved factual issue material to Dkt. 53, explains why the existing record and narrower alternatives are insufficient,

and determines that the proposed discovery is necessary and proportionate to the limited surviving collateral proceeding.

Submission of these contingent alternatives does not constitute consent to additional discovery or waive Plaintiff's request for disposition of Dkt. 53 on the existing record.

**DOE #10'S OBJECTIONS TO SECTION III**

Section III proposes no subpoena. It is argument, and it applies the wrong standard. Plaintiff proposes discovery "[o]nly if the Court first identifies a specific material factual issue that cannot reasonably be resolved from the existing record." The Court has already authorized sanctions-related discovery, and all parties agreed to it on the record. Rules 26(b)(1) and 45 govern, not a threshold of necessity that Plaintiff has invented.

Section III.1. Item (a) asks about "United States Copyright Office deposit copies" that Plaintiff has never produced. (Dkt. 67.) Item (b) refers to "the same underlying audiovisual productions," in the plural, but Plaintiff has submitted only one alleged film (Dkt. 64), which Doe #10 contends was generated in whole or in part with artificial intelligence. It also presumes that Plaintiff's listed works exist as distinct works. Items (c) and (d) seek counsel's witness investigation and are work product for the reasons stated in the objection to Interrogatory No. 6.

Section III.2. Communications with chambers are outside the scope of authorized discovery and irrelevant to Dkt. 53, for the reasons stated in the Objection to Definition 6.

Section III.3. "Necessary and proportionate" is not the standard. Discovery is permitted into nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court has already identified the discrete issues that Dkt.

53 presents and set a process for resolving them. Section III.3 asks the Court to do that work again.

## IV. REQUESTED LIMITS AND ORDER

Plaintiff respectfully requests that the Court:

1) Primarily, resolve Dkt. 53 on the existing record, including Dkts. 58 and 64, and deny unnecessary post-dismissal discovery and third-party subpoenas, consistent with the limitations on satellite sanctions litigation recognized in Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985).

2) Alternatively, before authorizing supplemental discovery, identify (a) the specific legal basis for the sanctions under consideration; (b) the discrete, genuinely disputed facts material to that basis; and (c) why the existing record and less burdensome alternatives are insufficient. Authorize only those specifically numbered threshold requests that directly address the identified factual questions, subject to proportionality, privilege protections, and a schedule established by the Court. Any additional third-party subpoenas should require separate authorization upon a particularized showing of necessity.

3) Clarify that this proposal is strictly contingent and does not constitute consent to the discovery proposed in Dkts. 71 or 72; an admission that further factual development is necessary; a concession that Rules 33, 34, and 36 independently authorize discovery as of right following dismissal under Rule 41(a)(1)(A)(i); or a waiver of Plaintiff's objections concerning jurisdiction, relevance, proportionality, privilege, privacy, foreign discovery, or any subsequently proposed discovery request or subpoena.

## DOE #10'S OBJECTIONS TO SECTION IV

Section IV is argument, not a discovery request, and the Court should disregard it. It asks the Court to resolve Dkt. 53 on the existing record, to make new findings before authorizing discovery, and to treat Plaintiff's on-the-record agreement to the discovery schedule as if it were not made. Section IV seeks to relitigate decisions the Court made on September 10 and October 2. To the extent it is construed as an objection to Doe #10's proposed discovery (Dkt. 71), it states no specific ground under Rules 26, 33, 34, or 36 and should be overruled.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Haley K. Finch*
Haley K. Finch (ND #09627) (PHV)
STINSON LLP
120 North Third Street, Suite 225
Bismarck, ND 585501 Telephone:
701.221.8600
Tele: 701.221.8601
haley.finch@stinson.com

Nanette Turner Kalcik (Illinois # 6297804)
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
Tele: (316) 268-7930
Nanette.kalcik@stinson.com

***Counsel for Doe #10***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served on all parties and attorneys of record via the Court's electronic filing system this 6th day of November, 2026.

*/s/ Haley K. Finch*
*Attorney for Doe #10*