**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW SCHNEIDER,<br><br>Plaintiff,<br><br>DOES 1-10<br>d/b/a passthepopcorn.me,<br>broadcasthe.net, karagarga.in,<br>hdbits.org, beyond-hd.me,<br>bibliotik.me,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:25-cv-15278<br><br>Hon. Andrea R. Wood |

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' PROPOSED DISCOVERY REQUESTS AND THIRD-PARTY SUBPOENAS (DKTS. 71 AND 72)**

## I. INTRODUCTION

Plaintiff Matthew Schneider respectfully submits these objections to the proposed discovery requests and third-party subpoenas filed by Defendants Doe 10 and Doe 1 (Dkts. 71 and 72). Following Plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Dkt. 59), the Court retained jurisdiction over the collateral motion for a rule to show cause at Dkt. 53. Plaintiff has substantively addressed the allegations in Dkt. 58 and submitted audiovisual evidence in Dkt. 64. As explained below, Defendants' proposed discovery exceeds what is reasonably necessary to adjudicate the remaining collateral motion. Plaintiff therefore requests that

the Court resolve Dkt. 53 on the existing record without authorizing the proposed discovery or, alternatively, confine any supplemental inquiry to specifically identified, material factual questions that cannot adequately be resolved from that record.

## II. AUTHORITIES

### A. Sanctions Proceedings Should Ordinarily Be Confined to the Existing Record, with Additional Discovery Reserved for Extraordinary Circumstances.

The 1983 Advisory Committee Note to Federal Rule of Civil Procedure 11 instructs courts, to the extent possible, to confine sanctions proceedings to the existing record to avoid unnecessary satellite litigation. It further provides that discovery should occur only with leave of court and in extraordinary circumstances. Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

In Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985), the Seventh Circuit affirmed the denial of discovery concerning a litigant's allegedly improper motivation, emphasizing that the existing record, surrounding circumstances, and district court's familiarity with the proceedings provided an adequate basis for decision. Similarly, in Borowski v. DePuy, Inc., 876 F.2d 1339, 1341 (7th Cir. 1989), the Seventh Circuit upheld the denial of additional discovery where extraordinary circumstances were not demonstrated and the existing submissions sufficiently addressed the disputed fee issues. Together, these authorities favor resolving collateral sanctions matters on an adequate existing record without unnecessary additional discovery.

# III. ARGUMENT

## A. Rule 41(a)(1)(A)(i) Dismissal Terminates Ordinary Merits Discovery and Confines Further Inquiry to the Collateral Sanctions Proceeding.

Plaintiff voluntarily dismissed the underlying action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 59. The dismissal was self-effectuating and terminated the merits action. Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir. 1987); Nelson v. Napolitano, 657 F.3d 586, 587–89 (7th Cir. 2011). Although the Court retained jurisdiction to adjudicate Defendants' motion for a rule to show cause at Dkt. 53, that authority is collateral to the dismissed copyright claims. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–98 (1990). Retained collateral jurisdiction does not revive the dismissed claims or automatically reopen ordinary merits discovery. Any further inquiry must instead be tied to the resolution of Dkt. 53, rather than serve as a vehicle for renewed discovery into the terminated copyright action.

The distinction between retained collateral jurisdiction and authority over the dismissed merits action is substantive. In AAA Gaming LLC v. Midwest Electronics Gaming, LLC, No. 24-2876, slip op. at 5–6 (7th Cir. Apr. 29, 2025), the Seventh Circuit distinguished permissible collateral matters from a post-dismissal request for contractual attorney's fees that would require resolving the underlying contractual dispute. Similarly, in Mohammed v. State of Illinois, No. 20 C 3482, slip op. at 2–3 (N.D. Ill. Jan. 27, 2021), the court held that a Rule 41(a)(1)(A)(i) dismissal rendered pending merits motions moot while preserving jurisdiction over sanctions motions. These decisions illustrate that retained collateral jurisdiction does not revive the dismissed substantive claims or, by itself, authorize renewed discovery into their merits.

Defendants' proposed discovery in Dkts. 71 and 72 seeks extensive information to investigate the factual or commercial merits of the dismissed copyright claims, rather than a specific alleged litigation misrepresentation in Dkt. 53. They exceed the proper scope of the remaining collateral proceeding. Defendants should therefore be required to establish a particularized connection between each disputed category of discovery and material issues genuinely unresolved after Dkts. 58 and 64, and explain why the requested information is necessary and proportionate to adjudicating Dkt. 53. Absent such a showing, the proposed discovery would improperly expand the collateral proceeding into a renewed examination of the dismissed copyright claims.

Plaintiff has substantively addressed Defendants' allegations in Dkt. 58 and submitted audiovisual evidence in Dkt. 64 concerning the distinction between Plaintiff's Do Us Part and the similarly titled Canadian production. Plaintiff therefore requests that the Court adjudicate Dkt. 53 on the existing record. Alternatively, any authorized supplemental discovery should be confined to specifically identified, material issues that remain unresolved after those submissions, consistent with the requirements of relevance, proportionality, and reasonable limits on discovery. See Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Such discovery should not reopen general inquiry into the dismissed copyright claims.

### B. Defendants' Proposed Discovery in Dkts. 71 and 72 Is Speculative, Overbroad, and Untethered to the Allegations in Dkt. 53.

Defendants' proposed discovery substantially exceeds the specific allegations underlying the remaining collateral proceeding. Dkts. 71 and 72 seek extensive information concerning the creation, production, financing, distribution, exhibition, and monetization of all ten asserted works,

including financial transactions, production expenses, tax information, cast and crew relationships, commercial counterparties, and third-party communications. The Seventh Circuit has repeatedly rejected additional discovery premised on speculation rather than a concrete basis for expecting relevant evidence. In Davis v. G.N. Mortgage Corp., 396 F.3d 869, 885 (7th Cir. 2005), the court affirmed the denial of additional discovery sought in the hope of uncovering previously undisclosed evidence. Similarly, In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation, 801 F.3d 758, 766 (7th Cir. 2015), affirmed restrictions on depositions where the requesting parties failed to explain why additional testimony would likely produce relevant information. Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc., 900 F.3d 884, 890–91 (7th Cir. 2018), reiterated the prohibition against discovery based on mere speculation and recognized the district court's broad discretion to manage discovery and avoid unnecessary duplication. More recently, Emerson v. Dart, 109 F.4th 936 (7th Cir. 2024), applied the same anti-speculation principle in affirming the denial of a request for additional discovery.

Although these decisions arose in ordinary civil-discovery contexts, their reasoning applies to the speculative premise underlying Defendants' proposals. Defendants should first identify the material factual issue remaining unresolved after Dkts. 58 and 64, and a concrete basis for believing that each proposed category of discovery would materially assist in resolving that issue. Without such a showing, the proposed requests risk becoming an exploratory search for additional allegations rather than a focused inquiry into the misconduct already alleged in Dkt. 53.

Accordingly, Plaintiff requests that the Court reject the proposed discovery in Dkts. 71 and 72 and adjudicate Dkt. 53 on the existing record. Alternatively, any supplemental discovery should be limited to specifically identified, material factual questions supported by a non-speculative

justification, consistent with the requirements of relevance and proportionality under Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

### C. The Developed Record Does Not Warrant Expanded Discovery or Satellite Litigation in the Remaining Sanctions Proceeding.

The 1983 Advisory Committee Note to Rule 11 favors resolving sanctions proceedings on the existing record, permitting discovery only with leave of court and in extraordinary circumstances. The anti-satellite principles established in Indianapolis Colts v. Mayor & City Council of Baltimore, 775 F.2d 177, 183 (7th Cir. 1985), and Borowski v. DePuy, Inc., 876 F.2d 1339, 1341–42 (7th Cir. 1989), favor resolving sanctions matters on an adequate existing record without unnecessary discovery. Consistent with those principles, Estate of Arturo Giron Alvarez v. Johns Hopkins University, No. TDC-15-950, ECF No. 350, at 17–21 (D. Md. Aug. 27, 2019), the court denied discovery intended to investigate the full extent of suspected litigation abuses, finding no extraordinary circumstances warranting the proposed inquiry. Similarly, CTP Innovations, LLC v. Cenveo Corp., No. MJG-15-3124, ECF No. 79 (D. Md. Jan. 4, 2017), declined to reopen a dismissed action for sanctions-related discovery. These authorities support restraint in permitting unnecessary collateral discovery.

Here, the existing record is substantially developed with respect to Defendants' allegations in Dkt. 53. Plaintiff filed a substantive response in Dkt. 58 and subsequently submitted audiovisual evidence in Dkt. 64 concerning Plaintiff's Do Us Part. The Court has further acknowledged that the submitted film differs from the Canadian production identified by Defendants. That development materially narrows the factual premise underlying the allegation that Plaintiff

asserted rights in another individual's production. The relevant question is therefore whether any specifically identified, material factual issue remains unresolved that requires further evidence to adjudicate the alleged litigation misconduct. Defendants should explain what particular representation remains disputed, why the existing record is insufficient to resolve it, and how the proposed discovery would address that deficiency. A demonstrated need for evidence on one discrete issue would not, without additional justification, authorize a broader investigation into Plaintiff's personal circumstances, financial affairs, or filmmaking activities.

Accordingly, Plaintiff respectfully requests that the Court adjudicate Dkt. 53 on the existing record, including Dkts. 58 and 64. Alternatively, if the Court determines that a material factual question cannot fairly be resolved on that record, Plaintiff requests that any supplemental discovery be narrowly confined to that question and conducted through the least burdensome means reasonably sufficient for its resolution.

### D. The Defective Civil-Contempt Theory in Dkt. 53 Does Not Justify Further Discovery, and Any Inquiry Under the Court's Inherent Authority Must Be Independently Justified and Narrowly Confined.

Defendants' proposed discovery must be evaluated against the sanctions authority actually invoked. Dkt. 53 invokes civil contempt, which requires clear and convincing evidence that a party violated an express and unequivocal judicial command. FTC v. Trudeau, 579 F.3d 754, 763 (7th Cir. 2009). Dkt. 53 identifies no such judicial command that Plaintiff allegedly violated. The deficiency is therefore legal rather than evidentiary: additional discovery cannot establish civil

contempt absent a preexisting judicial order imposing an obligation that Plaintiff breached. Accordingly, the civil-contempt theory asserted in Dkt. 53 does not justify the expansive discovery proposed in Dkts. 71 and 72.

Although the Court retains inherent authority to investigate alleged abuses of its judicial process, that authority does not independently justify unrestricted collateral discovery. Its exercise requires restraint and discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991). Courts have specifically declined additional discovery sought to develop inherent-authority sanctions allegations where the proposed investigation exceeded the remaining needs of the proceeding. In State of New York v. U.S. Department of Commerce, 461 F. Supp. 3d 80, 88, 91 (S.D.N.Y. 2020), the court declined further discovery intended to investigate potential misconduct, emphasizing that discovery must serve the needs of the litigation rather than become an independent investigation. Similarly, in Hassoun v. Searls, 524 F. Supp. 3d 101 (W.D.N.Y. 2021), the court denied additional investigative discovery notwithstanding the insufficiency of the existing record to establish inherent-authority sanctions. See also Akl v. Virginia Hospital Center, 471 B.R. 1 (D.D.C. 2012) (affirming a protective order limiting collateral sanctions discovery where the proposed inquiries were unnecessary or unrelated to the remaining issues).

Here, the existing record already substantially addresses the allegations in Dkt. 53 through Plaintiff's substantive response in Dkt. 58 and audiovisual submission in Dkt. 64. Defendants have not identified why the extensive financial, production, and third-party discovery proposed in Dkts. 71 and 72 is necessary to resolve a specific allegation of litigation misconduct. Before authorizing additional discovery under any alternative inherent-authority theory, the Court should identify the particular alleged misconduct, determine what material factual questions remain unresolved, and

assess why the existing record is insufficient to resolve those questions. The possibility that further investigation might uncover additional evidence does not, without more, justify a comprehensive examination of Plaintiff's personal circumstances and filmmaking activities.

Plaintiff therefore respectfully requests that the Court resolve Dkt. 53 on the existing record without authorizing Defendants' proposed discovery. Alternatively, if the Court determines that further factual development under its inherent authority is warranted, Plaintiff requests that any supplementation be confined to specifically identified, material unresolved questions, proceed incrementally, and incorporate appropriate safeguards for sensitive personal information and third parties, without reopening general discovery into the dismissed copyright claims.

### E. Defendants' Enumerated Discovery Requests and Proposed Third-Party Subpoenas Should Be Rejected or Narrowly Limited.

The particular requests proposed in Dkts. 71 and 72 confirm that Defendants seek substantially more than the limited factual inquiry necessary to resolve the remaining collateral proceeding. Both Defendants propose extensive interrogatories, requests for admission, document production, and third-party subpoenas concerning Plaintiff's personal history, filmmaking activities, financial affairs, and communications. Many requests substantially overlap, while others seek information concerning allegations in the dismissed Complaint without identifying a corresponding misrepresentation alleged in Dkt. 53. The Court should assess these requests against the specific issues genuinely remaining in the collateral proceeding and the limitations of Federal Rule of Civil Procedure 26(b)(1) and (b)(2)(C).

First, Defendants seek extensive discovery concerning the factual and commercial merits of the dismissed copyright claims. Dkt. 71, Interrogs. Nos. 2–6 and 11; Dkt. 72, Interrogs. Nos. 3–10, 13, and 16–18, demand detailed information concerning the creation, ownership, distribution, exhibition, monetization, and alleged infringement of the asserted works. Both Defendants additionally request financial records, production expenses, agreements, cast and crew communications, promotional materials, and income reported on tax returns. See Dkts. 71 and 72, RFPs Nos. 6, 8–9, and 16–18; Dkt. 71, RFAs Nos. 14–17; Dkt. 72, RFAs Nos. 13–16. These requests effectively seek a comprehensive reconstruction of the underlying copyright dispute. Defendants have not established why extensive financial, commercial, and third-party discovery concerning all ten works is necessary to adjudicate the particular misconduct alleged in Dkt. 53.

Second, Defendants demand extensive creative source materials and electronic records beyond the audiovisual evidence already submitted. Both seek complete native files of every asserted work, the original Do Us Part submission, raw footage, earlier versions, project files, editing records, outputs, account records, and activity logs. Dkts. 71 and 72, RFPs Nos. 10–12. Related interrogatories and admissions include creation dates and metadata of the works. See Dkt. 71, Interrogs. Nos. 10, 12, and 18, RFAs Nos. 11–12, RFP No. 15; Dkt. 72, Interrog. No. 12, RFAs Nos. 10–11, RFP No. 15. Plaintiff has already submitted the audiovisual work at Dkt. 64, and the Court has acknowledged that it differs from the Canadian production identified by Defendants.

Third, the proposed identity and personal-history discovery substantially exceeds what is necessary to determine whether Plaintiff made the specific impersonation-related representations alleged in Dkt. 53. Dkt. 71, Interrogs. Nos. 1, 7–9, and 13–14, seek residential histories extending to 2010, additional residences, employment histories, aliases, usernames, email addresses, and

telephone numbers. Dkt. 72, Interrogs. Nos. 1–2, similarly seek extensive identifying information, including Plaintiff's residential internet-service provider and account number. Both Defendants also seek identification documents and information concerning citizenship and residence. See Dkts. 71 and 72, RFP No. 13; Dkt. 71, RFAs Nos. 1–5 and 18; Dkt. 72, RFAs Nos. 1–4 and 17. The relevant question is whether Plaintiff actually represented himself to be the Canadian individual identified by Defendants or otherwise made a particular false statement to the Court—not whether Defendants can assemble a comprehensive history of Plaintiff's personal circumstances. Plaintiff addressed the impersonation allegation in Dkt. 58. Moreover, Dkt. 69 separately requests modification of the Court's identity-document directive and proposes a more limited means of verification. The necessity and conditions of any identity-document production should be resolved through that pending motion, rather than expanded through additional requests for sensitive personal information.

Fourth, Defendants seek sweeping communications and investigative records without adequately distinguishing potentially material representations from the broader conduct of the dismissed litigation. Both request all communications with third parties concerning this action, the asserted works, or the Doe Defendants, together with communications and materials concerning previously issued subpoenas. Dkts. 71 and 72, RFPs Nos. 3–5. They also seek extensive materials concerning Plaintiff's engagement of investigators and the preparation of investigative evidence. Dkt. 71, Interrog. No. 16, RFP No. 14; Dkt. 72, Interrog. No. 15, RFP No. 14. Dkt. 72 further requests identification of everyone who assisted in preparing discovery responses. Id., Interrog. No. 11. Such requests potentially encompass substantial quantities of confidential third-party information and materials subject to applicable privilege or work-product protections.

Fifth, the proposed requests for admission are substantially duplicative and include matters that either could be addressed through narrower threshold questions or concern separate disputes. Dkt. 71, RFAs Nos. 6–8, and Dkt. 72, RFAs Nos. 5–7, address compliance with the Court's October 2, 2026 identity and Copyright Office production directive. Those questions concern the subsequent production dispute, including the issues raised in Dkt. 69, and do not independently establish a need for broad discovery concerning the original allegations in Dkt. 53.

Sixth, the proposed third-party subpoenas would substantially enlarge the scope and burden of the collateral proceeding. Dkt. 71 proposes nine categories of third-party inquiries, while Dkt. 72 proposes eleven. These include broad categories of unidentified production companies, cast and crew members, commercial counterparties, and persons who allegedly paid for private viewings. Both Defendants also propose inquiries to Google, telephone carriers, and the owner or provider associated with Plaintiff's Sanborn, New York correspondence address. Dkt. 72 additionally proposes inquiries to Reddit and the PACER Service Center for records of Plaintiff's access to the Court's website. See Dkt. 71, Proposed Third-Party Subpoenas Nos. 1–9; Dkt. 72, Proposed Third-Party Subpoenas Nos. 1–11. Several proposed recipients remain unidentified and depend upon information Defendants hope to obtain through their other requests. Such contingent categories do not permit meaningful assessment of the particular evidence sought, its materiality, or the burdens on affected nonparties. Before authorizing any subpoena, the Court should require identification of the unresolved issue those records would address, and why less intrusive sources are insufficient. See Fed. R. Civ. P. 26(b)(2)(C), 45(d)(1).

Finally, the substantial duplication between Dkts. 71 and 72 further undermines the proportionality of the proposed discovery. Their eighteen numbered requests for production are materially

identical, and numerous interrogatories, admissions, and proposed subpoenas likewise overlap. Both Defendants also reserve the right to expand their requests after obtaining additional identity information. Authorizing both sets without consolidation and defined limits would impose unnecessary cumulative burdens and risk an open-ended collateral investigation. See Fed. R. Civ. P. 26(b)(2)(C)(i).

Accordingly, Plaintiff respectfully requests that the Court reject the proposed discovery in Dkts. 71 and 72 and resolve Dkt. 53 on the existing record. Alternatively, before authorizing any supplementation, the Court should require Defendants to identify the precise alleged misrepresentation, the material factual question genuinely remaining, and why the existing evidence is insufficient. Any authorized discovery should then be limited to specifically identified, nonduplicative requests reasonably necessary to resolve that question, with appropriate protections for personal information, confidential materials, and affected third parties. The mere reservation of a right to supplement should not constitute advance authorization for further discovery.

## IV. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1) Declining to authorize Defendants' proposed interrogatories, requests for admission, requests for production, and third-party subpoenas in Dkts. 71 and 72, as unnecessary, overbroad, disproportionate, and insufficiently connected to the allegations underlying the remaining collateral proceeding;
2) Resolving Dkt. 53 on the existing record, including Plaintiff's substantive response at Dkt. 58 and audiovisual submission at Dkt. 64, without reopening discovery concerning the

dismissed copyright claims;

3) Alternatively, if the Court determines that further factual development is necessary, requiring Defendants first to identify the particular alleged misrepresentation or misconduct, the material factual question that remains unresolved, and why the existing record is insufficient, before authorizing only narrowly tailored, nonduplicative discovery directed to that specific question;
4) Requiring any authorized supplemental discovery to proceed incrementally, with appropriate limitations on scope, duration, and burden; eliminating duplicative requests; and declining to authorize unidentified third-party subpoenas or open-ended supplementation without further leave of Court;
5) Requiring appropriate safeguards for sensitive personal information, confidential records, privileged materials, and third-party interests, consistent with Federal Rules of Civil Procedure 26(b)(2)(C), 26(c), and 45(d), while preserving separate consideration of Plaintiff's pending motion concerning identity-document production and dissemination at Dkt. 69; and
6) Granting such other and further relief as the Court deems just and appropriate.

Plaintiff's alternative request for narrowly confined supplementation is expressly conditional and does not constitute consent to the discovery proposed in Dkts. 71 and 72.

Respectfully submitted,

November 6, 2026

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2026, I electronically filed Plaintiff's Response and Objections to Defendants' Proposed Discovery Requests and Third-Party Subpoenas (Dkts. 71 and 72) through the Court's CM/ECF system, which automatically transmits a Notice of Electronic Filing to all counsel and parties of record registered to receive electronic notice.

/s/ Matthew Schneider
Matthew Schneider, Pro Se
STE E-6420 Inducon Drive W
Sanborn, NY 14132
Tel: (716) 739-6298
matthew.schneider94@gmail.com